[Civ. No. 46580. Second Dist., Div. One. Feb. 10, 1976.]

TRUESTONE, INC., et al., Plaintiffs and Appellants, v.
TRAVELERS INSURANCE COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Malvin D. Dohrman and Barrymore & Stevens for Plaintiffs and Appellants.

Schell & Delamer, Mark B. Pepys, Robert G. Garrett, Dunne, Shallcross & Kane and Russell E. Shallcross for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—In this appeal from a judgment dismissing on demurrer some, but not all, of the causes of action asserted by multiple plaintiffs against multiple defendants, we conclude that the appeal is premature as to the dismissal of causes of action where the demurrer was overruled as to other causes involving the same plaintiffs and defendants. As to the dismissal of a fourth cause of action, which is the only one asserted by the plaintiffs named in it, we conclude that the complaint states a cause of action for violation of an insurer's obligation to act in good faith with respect to the shareholders of a closely held corporation as well as to the corporation itself where the stockholders and the corporation are both named insureds in the policy. Accordingly, we dismiss the premature appeals and reverse the judgment to the extent that it dismisses the fourth cause of action.

Plaintiffs and appellants in the case at bench are Truestone, Inc., a corporation, and Daniel and Johnnie Campbell, its sole stockholders.

Their complaint is framed in five causes of action. The first, second, third, and fifth are asserted on behalf of the corporation alone.

The first cause claims that the defendants, Travelers Insurance Company and a related insurer (collectively Travelers) issued their policy of liability insurance to the corporation and the Campbells with policy limits of $100,000, that a claim covered by the policy was asserted against the corporation, that Travelers and the other named defendants undertook defense of the claim, that the claimant offered to accept a settlement within the policy limits, that Travelers and the other defendants unreasonably and in bad faith refused to accept the settlement, that the claim went to trial with a resulting judgment of $150,000 plus costs, and that Travelers paid only the policy limit to the claimant so that the corporation was damaged in the amount of $35,000.

The second cause of action is asserted in terms similar to the first but without the allegation of unreasonable conduct or bad faith.

The third cause of action is one for malpractice against the lawyers who represented the corporation in the action which resulted in the judgment against it.

The fifth cause of action asserts that the refusal to settle the claim asserted against the corporation was malicious and willful and seeks punitive damages.

The fourth cause of action is alleged on behalf of Daniel and Johnnie Campbell alone. It incorporates the allegations of the first cause of action and includes allegations that Truestone, Inc., is a small, closely held family corporation, that the failure and refusal of the defendants to settle within the policy limits "was intentional and reckless, which conduct resulted in severe mental and emotional distress to . . . Johnnie Campbell" of $50,000, and to Daniel Campbell of $50,000, that the Campbells suffered a loss because a payment by the corporation of the $35,000 to settle the claim reduced the value of their stock, and that the conduct of the defendants in refusing to settle was willful and malicious. The fourth cause of action seeks both compensatory and punitive damages.

The demurrer of Travelers to the second, fourth, and fifth causes of action was sustained without leave to amend. A demurrer of other defendants to the fourth and fifth causes of action was sustained but

overruled as to the third. Subsequently, the second, fourth, and fifth causes of action were dismissed. The dismissal terminated all claims of Daniel and Johnnie Campbell individually. The claim of Truestone, Inc., for failure of the defendants to settle in good faith as alleged in the first cause of action and for legal malpractice as alleged in the third remained pending in the trial court.

Plaintiffs appealed from all the judgments of dismissal. On November 5, 1975, we granted the motion of Travelers to dismiss the appeal of Truestone against Travelers by reason of the continued pendency of the first cause of action and the one judgment rule (*Mather* v. *Mather,* 5 Cal.2d 617 [55 P.2d 1174]). The defendants other than Travelers move, in their responding brief, to dismiss the appeal of Truestone for the same reason. Since there is still pending in the trial court Truestone's third cause of action claiming damages for legal malpractice from those other defendants, their motion to dismiss the appeal must be granted.

■ There remains to be resolved on this appeal the propriety of the trial court's action sustaining the demurrers of the defendants to the fourth cause of action asserted by Daniel and Johnnie Campbell.

To prevail in their claim, the Campbells must assert a cause of action for damage to them personally and not for damage to the corporation of which they are the sole stockholders. (See *Jones* v. *H. F. Ahmanson & Co.,* 1 Cal.3d 93, 106-107 [81 Cal.Rptr. 592, 460 P.2d 464].) The allegation that conduct of the defendants reduced the value of the Campbells' shares by injury to the corporation, standing alone, does not establish a personal cause of action in the Campbells since the diminution of value is incidental to injury to their corporation. (*Jones* v. *H. F. Ahmanson & Co., supra,* 1 Cal.3d at p. 107.)

The Campbells assert, however, that because they, as well as Truestone, are named insureds in the Travelers policy, Travelers was obligated to them as well as to the corporation to act in good faith with respect to claims of third persons against the corporation. Thus, they contend that the fourth cause of action of the complaint asserts a cause of action personal to the Campbells.

■ The covenant of good faith and fair dealing implied in every liability insurance policy obligates the insurer to treat offers to settle claims against its insured within limits of the insurance coverage without regard to its own special interest existing because of policy limits. The

covenant thus imposes a duty upon the insurer to accept reasonable settlement offers within the scope of its policy. (*Comunale* v. *Traders & General Ins. Co.,* 50 Cal.2d 654, 663 [328 P.2d 198]; *Crisci* v. *Security Ins. Co.,* 66 Cal.2d 425, 432 [58 Cal.Rptr. 13, 426 P.2d 173].) Breach of the duty creates causes of action in both contract and tort. (*Gruenberg* v. *Aetna Ins. Co.,* 9 Cal.3d 566, 573 [108 Cal.Rptr. 480, 510 P.2d 1032].)

While the law recognizes a cause of action in tort, the duty breached by the tortious conduct of an insurer refusing to settle in good faith flows from the contractual relationship. (*Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d 566, 576.) The insured does not, by the contract of insurance, seek "to obtain a commercial advantage but to protect [himself] against the risks of accidental losses, including the mental distress which might follow from the losses. ■ Among the considerations in purchasing liability insurance, as insurers are well aware, is the peace of mind and security it will provide . . . ." (*Crisci* v. *Security Ins. Co., supra,* 66 Cal.2d 425, 434.) For that reason, damages for mental suffering are included within those recoverable for the insurer's breach of duty to settle in good faith. (*Crisci* v. *Security Ins. Co., supra,* 66 Cal.2d 425, 433.)

■ Here the Campbells, equally with their closely held corporation, were parties to the insurance policy with Travelers. The duty created by the implied covenant of good faith and fair dealing ran equally to them. On demurrer, we must assume that among the considerations in the purchase of the insurance by the Campbells was the peace of mind it would provide them in the event of a claim against either their corporation or themselves. The rationale of the tort of refusal of an insurer to settle in good faith thus dictates that the Campbells, as named insureds with their corporation, be afforded the protection of the tort cause of action.

■ The hurdle to recovery for injury to the peace of mind, which the contract was designed to protect, is the general rule that damages for unintentional infliction of emotional distress are not recoverable absent other damage to person or property to which they are related. (See e.g., 4 Witkin, Summary of Cal. Law, Torts, §§ 548, 553.) ■ Here, however, the complaint alleges damage to the value of the shares of the Campbells in Truestone. The damage exists although it is not legally compensable by reason of the rule that a corporate shareholder may not sue for diminution in the value of his shares incident to damage to the corporation and that the action must be a direct or derivative one on behalf of the corporation.

Thus the case at bench presents the unique situation of emotional distress incident to and accompanied by injury to property where there is a bar to recovery for the property damage. The bar exists for the substantive reason that the injury is deemed to be that of the separate corporate entity (*Anderson* v. *Derrick*, 220 Cal. 770, 774 [32 P.2d 1078]), and the procedurally convenient reason that otherwise each stockholder could independently sue on the same cause. (*Shaw* v. *Empire Savings & Loan Assn.*, 186 Cal.App.2d 401, 408 [9 Cal.Rptr. 204], disapproved on other grounds in *Jones* v. *H. F. Ahmanson & Co.*, *supra*, 1 Cal.3d at pp. 107-108.) Neither reason is pertinent to the right of an insured shareholder personally contracting to achieve peace of mind through indemnity to his wholly owned corporation to recover for emotional distress incident to improper conduct of the insurer destroying that peace of mind. (See *Windeler* v. *Scheers Jewelers*, 8 Cal.App.3d 844, 851 [88 Cal.Rptr. 39], quoting from *Westervelt* v. *McCullough*, 68 Cal.App. 198, 208-209 [228 P. 734]: "Whenever the terms of a contract relate to matters which concern directly the comfort, happiness, or personal welfare of one of the parties, . . . he may recover damages for physical suffering or illness proximately caused by its breach.")

We thus conclude that where, as here, shareholders of a closely held corporation are joint insureds with it, the insurers' implied covenant of good faith and fair dealing runs to the shareholders as well as to the corporation and that the shareholders may pursue a cause of action for its breach.

Because the issue may arise on remand to the trial court, we note that the complaint as now framed does not support the Campbells' alternative contention that it states a cause of action personal to them for the intentional infliction of emotional distress. ▆ "The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." (*Fletcher* v. *Western National Life Ins. Co.*, 10 Cal.App.3d 376, 394 [89 Cal.Rptr. 78].) Here the fourth cause of action fails to allege the facts of outrageous conduct and, while alleging that the defendants' conduct was intentional, does not allege that the intention was to cause emotional distress.

The appeal from the judgment dismissing the second cause of action and other causes of action of Truestone against Travelers has previously been dismissed. The appeal of the judgment of dismissal of other causes of action asserted by Truestone is also dismissed. The judgment of the trial court dismissing the fourth cause of action is reversed.

Wood, P. J., and Lillie, J., concurred.