171 N.J. Super. 144 (1979)
408 A.2d 144
ANTHONY KENELIA AND ROSE MARIE KENELIA, PLAINTIFFS,
v.
GLENS FALLS INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, New Jersey Superior Court, Law Division, Cumberland County.
Decided October 24, 1979.
*145 Mr. John Aleli for defendant (Messrs. Lloyd, Megargee, Steedle, Youngblood and Franklin, attorneys).
Mr. Vincent Pancari for plaintiff (Messrs. Pancari & Pagliughi, attorneys).
MILLER, J.S.C.
This matter is before the court on defendant's motion for partial summary judgment seeking the dismissal of so much of the complaint as concerns a claim by plaintiff Anthony Kenelia for PIP benefits allegedly due on a policy of insurance issued by defendant.
The facts are as follows: On June 24, 1977 plaintiff Rose Marie Kenelia was involved in an automobile accident in which she suffered personal injuries. As a result of these injuries she received extensive medical care. A claim was then filed with defendant Glens Falls Insurance Company for medical expense benefits under the PIP portion of an automobile insurance policy issued by defendant to Anthony and Rose Marie Kenelia as named insureds. Since both Anthony and Rose Kenelia have had to expend monies for the payment of Mrs. Kenelia's medical *146 expenses and since the husband would be responsible for his wife's medical bills, he has a valid interest and claim under the insurance policy.
Pursuant to this claim the insurer made certain payments to Mrs. Kenelia until March 31, 1978 when it advised her by letter that as a result of a report received from her physician PIP benefits would be discontinued.
Plaintiffs then instituted this suit. The first count of the complaint set forth a cause of action for breach of the insurance contract on behalf of both Mr. and Mrs. Kenelia. Specifically, it stated that as a result of the insurer's refusal to pay Mrs. Kenelia's medical bills, plaintiffs were caused great financial hardship. In its motion for partial summary judgment defendant contends that this count should be dismissed on the following grounds: (1) plaintiff Anthony Kenelia does not claim a loss of consortium; (2) he does not claim any pecuniary loss as a result of the alleged breach; (3) any benefits of the contract would have enured to his wife Rose Marie Kenelia and not to him. Therefore, defendant asserts that Anthony Kenelia has no litigable interest and his claim should be dismissed.
Plaintiffs argue that the issue which concerns us here is whether a husband who is a named insured under a no-fault automobile insurance policy can maintain an action for breach of contract against his insurance company for its refusal to pay medical expense benefits to his wife, in the absence of any personal physical injury to the husband.
The precise question has not been litigated under the No-Fault Act.
The New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1, et seq. (commonly referred to as the "No-Fault Act"), requires every automobile liability insurance policy to provide "additional coverage ... for the payment of benefits ... to the named insured and members of his family residing in his household who sustained bodily injury as a result *147 of an accident involving an automobile." N.J.S.A. 39:6A-4. That section defines "Additional coverage" to mean and include: "Payment of all reasonable medical expenses incurred as a result of personal injury sustained in an automobile accident."
The question, then, is whether Mr. Kenelia, as a named insured, "incurred" such medical expenses as a result of bodily injury sustained by his wife.
"Incur," as defined by Black's Law Dictionary (1979 ed.), at 691, states:
To have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively. To become liable or subject to.
Hence, a "no fault" carrier's liability for medical expenses is triggered by the insured incurring them, that is, either paying them or becoming liable to pay them. Sanner v. Government Employees Ins. Co., 150 N.J. Super. 488 (App.Div. 1977), aff'd 75 N.J. 460 (1978).
It is well settled that a husband's duty to support his wife during their marriage includes the duty to pay for her necessary medical expenses. Sillery v. Fagan, 120 N.J. Super. 416 (Cty.D. Ct. 1972). Thus, since the husband is liable for the cost of necessary medical services provided his wife as a result of this accident, he can reasonably be viewed as having "incurred" these expenses under our No-Fault Act. N.J.S.A. 39:6A-4.
Defendant's motion for partial summary judgment insofar as it concerns Mr. Kenelia's cause of action in count 1 of the complaint is accordingly denied.