[No. B020734. Second Dist., Div. Three. Jan. 28, 1988.]

MICHAEL M. HATCHWELL et al., Plaintiffs and Appellants, v. BLUE SHIELD OF CALIFORNIA et al., Defendants and Respondents.

COUNSEL

Peter R. di Donato and Allan I. Shatkin for Plaintiffs and Appellants.

Hassard, Bonnington, Rogers & Huber and James H. Thompson, Jr., for Defendants and Respondents.

OPINION

ARABIAN, J.—

INTRODUCTION

This case raises the issue of whether a spouse who is not a party to the insurance contract has standing to maintain a bad faith action and related causes of action against the insurance company for wrongful denial of benefits to her insured husband. Plaintiff Denise Hatchwell appeals from the judgment entered against her following the grant of the motion of defendants Blue Shield of California (Blue Shield) and L.K. Lloyd & Associates (Lloyd) for summary adjudication on the ground that Denise was an improper party to the action arising out of a claim for medical benefits for her husband's open-heart surgery. Denise contends that as an intended beneficiary or as a "co-insured" of the insurance contract, she is a proper party to the action. Defendants contend that Denise is neither a party nor an express third party beneficiary to her husband's insurance contract and therefore lacks standing. We conclude Denise does lack standing and, accordingly, affirm the judgment.

FACTS

In November 1981, Michael M. Hatchwell and Denise Hatchwell filed their second amended complaint against Blue Shield, Lloyd and the State Bar of California for breach of contract, fraud, bad faith conduct by an

insurance company (Ins. Code, § 790.03, subd. (h)), breach of fiduciary duties, breach of implied warranty and negligence.

The Hatchwells alleged the following: About September 1, 1979, Michael was enrolled in Plan "A" of Blue Shield's health care program, in reliance upon representations made by agents of defendants and their literature to the effect that Blue Shield utilized a system of health care payment based upon the "usual, customary, or reasonable fee" (UCR fee) as determined by Blue Shield. Blue Shield also represented that regional directories with listings of Physician Members were available. About April 30, 1980, in anticipation of Michael's impending heart surgery, Denise contacted Ms. Nadaka, a representative of Blue Shield's customer service department, to request a list of cardiologists who were subscribers of the Blue Shield plan. Ms. Nadaka "failed and refused to provide such a list," resulting in breach of the contract and preventing the Hatchwells from being able to take full advantage of Plan "A" which would pay 100 percent of his costs instead of the usual, customary, or reasonable fee for a nonsubscriber cardiologist. Michael had his operation on May 8, 1980, and submitted claims to Blue Shield for bills in the amount of $6,565. Blue Shield paid $4,137.72. About June 1, 1980, Denise again contacted Ms. Nadaka, who informed her that payment would be based on the UCR fee schedule and that she could now send a list of subscriber cardiologists. Hatchwells continued to incur bills for postoperative care.

The complaint also alleged that Blue Shield and Lloyd made the representations and promises with no intention that the promises be performed, justifying punitive damages; Blue Shield violated Insurance Code section 790.03, subdivsions (h)(1), (3), (5), (6), (7), (11) and (13),[1] and breached its

---

[1] Insurance Code section 790.03, subdivision (h) provides: "(1) Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue.

". . . . . . . . . . . . . . .

"(3) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

". . . . . . . . . . . . . . .

"(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

"(6) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when such insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

"(7) Attempting to settle a claim by an insured for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application.

". . . . . . . . . . . . . . .

"(11) Delaying the investigation or payment of claims by requiring an insured, claimant, or the physician of either, to submit a preliminary claim report, and then requiring the subse-

fiduciary duties to plaintiffs; as administrator of the Blue Shield plan for members of the State Bar, Lloyd breached the implied warranty, and the State Bar and Lloyd negligently approved, supervised and administered the plan for Bar members.

In October 1985, the defendants moved for summary adjudication seeking to dismiss plaintiff Denise on the ground that as a matter of law she had no contractual right to require Blue Shield to pay for her husband's health care benefits. Defendants supported the motion with evidence of the terms of the Blue Shield plan which defined an "Eligible Member" as "an individual member of the State Bar of California . . ."; a "Subscribing Member" as "an Eligible Person who has been enrolled and accepted by Blue Shield as a Member and has maintained his Blue Shield membership in accordance with this contract"; a "Dependent Member" as "a Subscribing Member's dependent who has been enrolled and accepted by Blue Shield as a Subscriber. . ."; and "Covered Person" as "either a Subscribing Member or a Dependent Member."

The Hatchwells opposed the motion, submitting excerpts from Denise's depositions and her declaration. Denise testified that she had previous work experience in the insurance business, telephoned Lloyd for information regarding changing insurance carriers, and spoke with Ms. Nadaka regarding subscriber cardiologists.[2] She also declared that all premiums paid to Blue Shield were paid with community funds.

The trial court granted defendants' motion for summary adjudication as to Denise, pursuant to the holding of *Fryer* v. *Kaiser Foundation Health Plan* (1963) 221 Cal.App.2d 674 [34 Cal.Rptr. 688]. Denise appeals.[3]

ISSUE AND CONTENTIONS

The sole issue upon review of the summary judgment is whether there is a triable issue of fact concerning Denise's standing to bring this action based upon the denial of medical benefits to her husband.[4]

---

quent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

". . . . . . . . . . . . . . .

"(13) Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement."

[2] Denise claims that this establishes that she "did the negotiating with Blue Shield . . . and received the fraudulent representations by Blue Shield. . . ."

[3] The State Bar is not a party to the appeal; the appeal of the judgment in its favor was dismissed.

[4] Denise states the issue as follows: "Whether Plaintiff, DENISE HATCHWELL, may maintain the instant action against an insurer, its plan administrator, and the group, for breach of

Denise contends she that she was an intended beneficiary of the insurance contract. She also contends that she may maintain this action pursuant to her status as either a coinsured with her husband, Michael, or as a dependent beneficiary.

Blue Shield and Lloyd contend as follows:

"Under California law a person may pursue an independent cause of action for alleged bad faith only if she is a party to, or an express beneficiary of, the allegedly breached contract. Mrs. Hatchwell is neither.

". . . . . . . . . . . . . . . . . . . .

"A. To have standing, Mrs. Hatchwell must prove a contractual relationship.

"B. Mrs. Hatchwell is not a party to Mr. Hatchwell's contract.

"C. Mrs. Hatchwell is not an express third party beneficiary of Mr. Hatchwell's contract.

"D. Mrs. Hatchwell's community property interest does not give her standing.

"E. Mrs. Hatchwell's potential secondary liability for Mr. Hatchwell's debts does not give her standing.

"F. Mrs. Hatchwell is not an 'insured.'

"G. Foreseeability of possible harm to Mrs. Hatchwell does not give her standing."

---

contract, bad faith, and related torts, involving the insurer's bad faith refusal to pay health benefits due her husband, where:

"(1) DENISE negotiated and communicated with Defendants in contemplation of retaining Defendant, BLUE SHIELD, as the family's health insurance carrier;

"(2) DENISE reviewed and investigated the details and merits of Defendant's insurance (based upon her insurance background) and compared it to the family's former insurance policy;

"(3) DENISE made the decision to purchase the policy as the family's health insurance plan;

"(4) All premiums paid to Defendant, BLUE SHIELD, were paid with community property funds of DENISE and MICHAEL HATCHWELL;

"(5) The community property of DENISE and MICHAEL HATCHWELL was liable for the debts incurred by either spouse for medical expenses;

"(6) DENISE contacted Defendants in regard to her husband's claim and significant representations were made directly to her, causing extreme emotional distress; and

"(7) DENISE was a 'Covered Person' under the same insurance policy as her husband, as either a coinsured or a dependent beneficiary."

## DISCUSSION

A motion for summary judgment must be granted if the papers properly submitted by the parties show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)

■ "The summary judgment procedure, inasmuch as it denies the right of the adverse party to a trial, is drastic and should be used with caution. (*Eagle Oil & Ref. Co.* v. *Prentice* (1942) 19 Cal.2d 553, 556 [122 P.2d 264].) Summary judgment is properly granted only when the evidence in support of the moving party establishes that there is no issue of fact to be tried. (Code Civ. Proc., § 437c; *Lipson* v. *Superior Court* (1982) 31 Cal.3d 362, 374 [182 Cal.Rptr. 629, 644 P.2d 822].)" (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 35 [210 Cal.Rptr. 762, 694 P.2d 1134].)

General principles of standing to sue for bad faith were summarized in *Austero* v. *National Cas. Co.* (1976) 62 Cal.App.3d 511, 515 [133 Cal.Rptr. 107].)

■ "It is now established that the unreasonable and bad faith refusal of an insurer to pay the valid claim of its insured gives rise to the insurer's liability in tort not only for the insured's pecuniary loss but also for his consequential emotional distress. (*Silberg* v. *California Life Ins. Co.* [1974] 11 Cal.3d 452, 460-461 [113 Cal.Rptr. 711, 521 P.2d 1103]; *Gruenberg* v. *Aetna Ins. Co.* [1973] 9 Cal.3d 566, 573-575 [108 Cal.Rptr. 480, 510 P.2d 1032]; *Fletcher* v. *Western National Life Ins. Co.* [1970] 10 Cal.App.3d 376, 401-402 [89 Cal.Rptr. 78, 47 A.L.R.3d 286]; see also *Merlo* v. *Standard Life & Acc. Ins. Co.* [1976] 59 Cal.App.3d 5, 16 [130 Cal.Rptr. 416].) ■ The theory upon which liability is predicated is that such conduct constitutes a tortious breach of the implied-in-law duty of good faith and fair dealing arising out of the insurance policy. (*Silberg* v. *California Life Ins. Co., supra*; *Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d at pp. 573-574; *Fletcher* v. *Western National Life Ins. Co., supra*.) Although an action for bad faith breach of the covenant of good faith and fair dealing sounds in tort, the duty of good faith and fair dealing derives from and exists solely because of the contractual relationship between the parties. (*Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d at pp. 576, 577-78; *Truestone, Inc.* v. *Travelers Ins. Co.* [1976] 55 Cal.App.3d 165, 170 [127 Cal.Rptr. 386].) Thus, one who is not a party to the underlying contract may not be held liable for breach of an implied covenant of good faith and fair dealing for as to him no such implied covenant exists. (*Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d at p. 576.)" (*Austero* v. *National Cas. Co., supra,* 62 Cal.App.3d 511, 515.)

1. *Even if Denise is a "co-insured" or an intended beneficiary, she lacks standing.*

 Denise claims that she is a "co-insured" or a "dependent beneficiary" of the insurance contract. The evidence establishes that Michael, as a member of the State Bar, was eligible to subscribe to the State Bar Group Plan provided by Blue Shield and administered by Lloyd. He enrolled and became a Subscribing Member. As a Subscribing Member, he was eligible for dependent benefits and enrolled Denise as a Dependent Subscriber.

Denise, however, was not a contracting party.[5] Someone who is not a party to the contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party. As the court stated in *Austero* v. *National Cas. Co., supra,* 62 Cal.App.3d 511: "Whether for better or worse, the historical development of a tort is an important factor in determining its scope (see Prosser, Law of Torts (4th ed. 1971) pp. 19-21), and, thus far, liability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. Where no such relationship exists, no recovery for 'bad faith' may be had. (*Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d at p. 576.)" (*Id.,* at pp. 516-517.)

Although she was eligible for health care benefits as a Dependent Subscriber, and as such may be termed a "co-insured" or "dependent beneficiary," as she urges, this is not sufficient to establish standing to sue for breach of contract and bad faith based upon the denial of benefits to Michael. A nonparty who is nevertheless entitled to policy benefits, such as an "insured" person under the terms of the policy or an express beneficiary, has standing only if she is the *claimant* whose benefits are wrongfully withheld. (See *Cancino* v. *Farmers Ins. Group* (1978) 80 Cal.App.3d 335, 344-345 [145 Cal.Rptr. 503]; *Blake* v. *Aetna Life Ins. Co.* (1979) 99 Cal.App.3d 901 [160 Cal.Rptr. 528].)

Denise attempts to distinquish *Fryer* v. *Kaiser Foundation Health Plan, supra,* 221 Cal.App.2d 674, cited by the trial court, from her situation by emphasizing that *Fryer* concerned a husband and wife separately enrolled under two separate contracts. Mr. Fryer suffered a heart attack, was hospitalized and eventually died. Mrs. Fryer sued the health plan, alleging breach of contract for failure to pay certain medical bills and provide emergency ambulance service. The court held that Mrs. Fryer in her capacity as the surviving wife had no standing to enforce the breach. "The fact that [Mrs. Fryer], as wife of the insured member, was also covered by a companion

---

[5]Denise's references to her testimony regarding her investigation of the plan and recommending it to her husband do not establish that she was a party to the contract.

contract is of no significance. Her rights under the second contract were only to have medical and hospital services performed for her own illnesses; that contract added nothing to the rights of William which are the ones herein sought to be enforced." (*Id.* at p. 680.)

Denise's argument ignores the fact that the basis of her action is the denial of benefits for Michael. Her coverage as a dependent, like Mrs. Fryer's separate contract, does not give her standing to enforce Michael's contract rights. ■■■ ■ Although Denise is an insured person and an express beneficiary in regard to her own health care benefits, she is merely an incidental beneficiary in regard to Michael's benefits.[6]

Denise contends that as a "co-insured" she has standing even if she is not a claimant. The cases she cites, however, do not support that conclusion. In *Delos* v. *Farmers Insurance Group* (1979) 93 Cal.App.3d 642 [155 Cal.Rptr. 843], Mr. and Mrs. Delos were joint insureds under an automobile insurance policy. The court held that the husband had standing to sue for emotional distress caused by the insurer's refusal to pay Mrs. Delos's uninsured motorist claim. "He was a party to the insurance contract and the effect upon him of the improper denial of his wife's claim was reasonably foreseeable." (*Id.* at p. 659, citation omitted.) Unlike Mr. Delos, Denise is not a party to the contract.[7] Foreseeability alone is not sufficient. (*Williams* v. *Transport Indemnity Co.* (1984) 157 Cal.App.3d 953, 964 [203 Cal.Rptr. 868]; action by spouse of a third party claimant.)

In *Cancino* v. *Farmers Ins. Group, supra,* 80 Cal.App.3d 335, also relied on by Denise, the court held that the insurer's covenant of good faith and fair dealing was enforceable by plaintiff who was injured when struck while loading the insured motor vehicle. Plaintiff's claim under the policy was for uninsured motorist benefits, and his standing arose from the fact that he was an intended beneficiary of the contract and a claimant.

In *Truestone, Inc.* v. *Travelers Ins. Co.* (1976) 55 Cal.App.3d 165, 170 [127 Cal.Rptr. 386], shareholders had standing to sue for extra-contract damages arising out of the insurer's failure to settle a claim against the corporation because they "equally with their closely held corporation, were parties to the insurance policy . . . ."

---

[6] Denise also claims to have the combined status as an insured and a claimant. For purposes of determining standing, Denise cannot be considered a "claimant," as she is not seeking health care benefits for herself.

[7] Furthermore, the insurance policy at issue in *Delos* was automobile insurance, not health care insurance.

*2. Denise does not acquire standing based upon community property laws.*

██ Relying primarily upon sister state cases, Denise contends that she may maintain the action pursuant to her community property interest in the contract and community property liability for the medical expenses debt incurred by her spouse.

In *Austero* v. *National Cas. Co., supra,* 62 Cal.App.3d 511, the court rejected this contention, stating: "Whatever plaintiff's property rights with respect to the policies and their proceeds may be, the fact remains that she is not a party to the contracts." (*Id.* at p. 517.) (See also, *Williams* v. *Transport Indemnity Co., supra,* 157 Cal.App.3d 953, 964, at fn. 1.)

We decline to follow the principle endorsed by the South Carolina Supreme Court in *Ateyeh* v. *Volkswagen of Florence, Inc.* (1986) 288 S.C. 101 [341 S.E.2d 378], holding that a spouse who is individually liable for her husband's medical expenses has sufficient interest in enforcement of the health insurance policy to enable her to maintain a cause of action for breach of contract and punitive damages. (*Id.* at pp. 379-380.) Such expansion of tort liability for breach of contract would be inappropriate in light of *Austero* and the fact that the community interest would seem sufficiently protected by the rights of the covered spouse.

In *Kenelia* v. *Glens Falls Ins. Co..* (1979) 171 N.J. Super. 144, [408 A.2d 144], the other out-of-state case cited by Denise, the result rests upon the language of the New Jersey "No-Fault" automobile liability insurance law, requiring coverage for " '[p]ayment of all reasonable medical expenses incurred as a result of personal injury sustained in an automobile accident.' " "[S]ince the husband is liable for the cost of necessary medical services provided his wife as a result of this accident, he can reasonably be viewed as having 'incurred' these expenses under our No-Fault Act." (*Id.* at p. 146.)

We conclude the superior court properly found that there is no triable issue of fact regarding Denise's standing and the defendants were entitled to judgment as a matter of law.

## Disposition

Judgment affirmed.

Danielson, Acting P. J., and Croskey, J., concurred.

The petition of real party in interest Denise Hatchwell for review by the Supreme Court was denied April 27, 1988. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.