**Yaakov M. VANN, Plaintiff–Appellant,**

v.

**Ronald SPAK; Century 21 Hunter Associates, Defendants–Appellees.**

No. 01–55555.

D.C. No. CV–00–11146–GHK.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Yaakov M. Vann appeals pro se the district court's judgment dismissing for lack of standing his diversity action alleging tortious interference with a real estate sales contract between his wife and a seller. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo questions of standing, *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997), and we affirm.

Dismissal was proper because Vann was not a party to the contract and did not have standing to bring suit for tortious conduct arising from breach of the con-

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tract. *See Hatchwell v. Blue Shield of Cal.,* 198 Cal.App.3d 1027, 244 Cal.Rptr. 249, 253–54 (Cal.Ct.App.1988). Likewise, dismissal without leave to amend the complaint was proper. *See Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 677 (9th Cir.1993). The district court did not err by disregarding legal arguments made for the first time in Vann's post-judgment motion to alter or to amend the judgment. *See Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir.2001).

We decline to address issues raised for the first time in Vann's reply brief. *See United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

