Thelma V. SPIRTOS, Plaintiff,

and

Jon Eardley; Michelle Spirtos,
Plaintiffs—Appellants,

v.

ALLSTATE INSURANCE COMPANY,
an Illinois Corporation; Berger Kahn
Shafton Moss Figler Simon & Glad-
stone, a Professional Corporation;
Berger Kahn; Melody Mosley, Defen-
dants—Appellees.

Thelma V. Spirtos, Plaintiff—
Appellant,

and

Jon Eardley; Michelle
Spirtos, Plaintiffs,

v.

Allstate Insurance Company, an Illinois
Corporation; Berger Kahn Shafton
Moss Figler Simon & Gladstone, a
Professional Corporation; Berger
Kahn; Melody Mosley, Defendants—
Appellees.

Jon Eardley; Michelle
Spirtos, Plaintiffs,

and

Thelma V. Spirtos, Plaintiff—
Appellant,

v.

Allstate Insurance Company, an Illinois
Corporation; Berger Kahn; Melody
Mosley, Defendants—Appellees.

Nos. 04–56055, 04–56270, 04–56415.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2006.

Filed March 2, 2006.

James E. Fitzgerald, Esq., Stroock & Stroock & Lavan, Los Angeles, CA, Allen L. Michel, Berger Kahn, A Law Corporation, Marina Del Rey, CA, for Defendants–Appellees.

Appeal from the United States District Court for the Central District of California, R. Gary Klausner, District Judge, Presiding.  D.C. No. CV–02–08798–RGK.

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Following a fire at Appellant Thelma Spirtos' home, Appellants brought suit against Allstate and its coverage counsel claiming tortious conduct and breach of contract during the claims process.  The extensive factual and procedural history in this matter are known to the parties and will not be further explored here.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ On appeal, Appellants challenge nearly every substantive decision made by the district court. Upon review, we find all .of Appellants' arguments are without merit. The law firm of Berger Kahn and attorney Mosley were sham defendants because Appellants failed to allege viable claims against them. Roughly half of Appellants' claims fail because Berger Kahn and Mosley were not parties to the insurance contract and did not owe any fiduciary duty to Appellants. *See Henry v. Associated Indem. Corp.*, 217 Cal.App.3d 1405, 1418, 266 Cal.Rptr. 578 (1990) (noting that California does not recognize fiduciary relationship between insured and insurer); *see also Younan v. Equifax Inc.*, 111 Cal. App.3d 498, 516–17, 169 Cal.Rptr. 478 (1980) (holding that a claim for constructive fraud requires existence of fiduciary relationship); *Hatchwell v. Blue Shield of Cal.*, 198 Cal.App.3d 1027, 1034, 244 Cal. Rptr. 249 (1988) (explaining that a bad faith claim requires existence of contractual relationship). Appellants' claims under California Civil Code § 1780(a) and California Business and Professions Code § 17200 are likewise without merit. *See* Cal. Civ.Code § 1782(a) (specifying prerequisites for non-injunctive actions under § 1780 with which Appellants failed to comply); *Textron Fin. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 118 Cal. App.4th 1061, 1072, 13 Cal.Rptr.3d 586 (2004) ("[R]eliance on general common law principles [such as tort law] to support a cause of action for unfair competition [in the insurance arena] is unavailing."). Finally, while Appellants correctly assert that California Civil Code § 1714.10(a) does not bar suit against an insurer's counsel for intentional torts, *see Pavicich v. Santucci*, 85 Cal.App.4th 382, 396, 102 Cal. Rptr.2d 125 (2000), Appellants have not pled facts that—even when taken as true—would establish valid claims against Mosley and Berger Kahn for tortious con-

duct. Consequently, the district court did not err in denying Appellants' motion to remand, and the district court exercised valid diversity jurisdiction.

■ The remaining decisions of the district court regarding the substance of Appellants' litigation are upheld. The district court properly concluded that Appellants Eardley and Michelle Spirtos did not have standing to sue, given that the insurance policy's language only requires Allstate to settle claims with the owner of the policy (i.e., Thelma Spirtos). Further, the district court was within its discretion in denying Appellants' motion to amend; Appellants failed to comply with Rule 15(a)'s leave requirements, intervening California caselaw did not cure the deficiencies in Appellants' complaint, and it appears the amendment would likely have delayed the proceedings and prejudiced the parties.

■ Summary judgment was correctly entered in favor of Allstate because Appellants failed to controvert in any manner Allstate's substantial evidentiary showing. Allstate timely remedied its violation of local rules in the filing of its motion for summary judgment, and, given that Appellants experienced no harm whatsoever as a result, the district court acted within its discretion to disregard Appellants' motion to strike and reach the merits of Allstate's motion. Further, given Appellants' failure to timely oppose Allstate's motion for summary judgment, the district court was also within its discretion in cancelling the scheduled summary judgment hearing. The district court was also within its discretion in denying Appellants' Rule 56(f) motion; the motion was not supported by the required affidavit and did not otherwise satisfy the rule's explanatory requirements.

■ The panel also finds that Appellants' due process claim respecting alleg-

edly disparate enforcement of local rules is wholly unsupported by the record and without merit. Appellants' late-game motion for appraisal was also properly denied, given that Appellants' own proffered evidence of their conduct during this litigation indicates that they waived that contractual right by insisting on an appraisal without a hearing and pursuing the litigation to its end. Finally, the district court was within its discretion when it awarded Allstate's requested Rule 11 sanctions on the basis that Appellants' motion for reconsideration was without any possible merit. By extension, Appellants' unsupported request for costs is spurious.

Appellants' appeal is DENIED.