Filed 3/2/16  Newman v. Bank of America CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GEORGE NEWMAN, Plaintiff and Appellant, v. BANK OF AMERICA, N.A., Defendant and Respondent. | D067960 (Super. Ct. No. 37-2014-00033862-CU-WE-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.

George Newman, in pro. per., for plaintiff and Appellant.

Bryan Cave, Stuart W. Price and Colin D. Dailey for Defendant and Respondent.

George Newman, appearing in propria persona, appeals from a judgment of dismissal after the trial court sustained the demurrer of Bank of America, N.A. (the Bank) to his third amended complaint (the operative complaint) without leave to amend.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Our recitation of the facts is taken from the pleadings, the attachments to the pleadings, and documents that have been judicially noticed. We assume the truth of facts alleged in the complaint in accordance with the standard of review of a judgment after a demurrer is sustained without leave to amend, discussed *post*.

Newman owned property in Ramona, California with his wife, Perlita, as joint tenants. In March 2006, he executed a quitclaim deed conveying his interest in that property to Perlita "as her sole and separate property." Perlita then obtained a $500,000 loan from Guild Mortgage Company (Guild) secured by a deed of trust encumbering the property. The deed of trust specified the "borrower" was Perlita, "a married woman," and encumbered "her sole and separate property."

The deed of trust designated Mortgage Electronic Registration Systems, Inc. (MERS), as the beneficiary, "acting solely as a nominee for [Guild] and [Guild's] successors and assigns." In April 2012, MERS executed and recorded an assignment of deed of trust transferring its interest as nominee beneficiary to the Bank. In June 2014, the Bank executed, and its agent recorded, a substitution of trustee designating Quality Loan Service Corporation (Quality Loan) as the new trustee under the deed of trust. In June 2014, Quality Loan's agent recorded a notice of default. In September 2014, Quality Loan's agent recorded a notice of trustee's sale setting a sale date of October 23, 2014. According to the notice, the unpaid balance on Perlita's loan was then $590,916.89. It appears that the sale did not take place.

2

Newman initiated this action against the Bank, Quality Loan and McCarthy & Holthus, LLC (McCarthy). After law and motion proceedings, Newman filed his operative complaint. He alleged that (1) because MERS had no authority to assign the deed of trust, its assignment of deed of trust to the Bank and the subsequent notice of default were fraudulent; (2) the Bank violated certain provisions of the Homeowner's Bill of Rights; and (3) the other defendants committed fraud and elder abuse.

The trial court sustained the demurrer of Quality Loan and McCarthy without leave to amend. It also sustained the Bank's demurrer without leave to amend concluding, among other things, that Newman lacked standing to sue. Newman timely appealed.

DISCUSSION

I. *General Legal Principles*

Before tackling any substantive issues that may have been raised by Newman, we address some general legal principles that govern our review of this appeal. Although Newman is representing himself in this litigation, the rules of civil procedure apply with equal force to self-represented parties as they do to those represented by attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) A litigant "appearing in propria persona, . . . is entitled to the same, but no greater, consideration than other litigants and attorneys." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to

3

authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)  "We are not bound to develop appellants' arguments for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

In reviewing a trial court's order sustaining a demurrer, we assume that the complaint's properly pleaded material allegations are true, but do not assume the truth of contentions, deductions, or conclusions of fact or law.  (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)  We also consider matters that may be judicially noticed.  (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)  We review the complaint de novo with the plaintiff bearing the burden of proving that the trial court erred in sustaining the demurrer.  (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.)

## II. *Analysis*

As a preliminary matter, the Bank seeks to augment the record on appeal to include the demurrer filed by Quality Loan and McCarthy, the Bank's joinder thereto, and two of the trial court's orders.  Newman objected to the motion.  The Bank's motion to augment the record is granted as the documents were filed in the trial court.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)  The exhibits concurrently filed with the motion to augment are deemed part of the record on appeal.  (*Id.* at 8.155(a)(2).)

Newman asserts the trial court erred in ruling that he lacked standing on the ground he did not own the property.  We disagree.

4

Except as otherwise provided by statute, "[e]very action must be prosecuted in the name of the real party in interest . . . ."  (Code Civ. Proc., § 367.)  A party who is not the real party in interest lacks standing to sue because the claim belongs to someone else. (*Charpentier v. Los Angeles Rams Football Co.* (1999) 75 Cal.App.4th 301, 307.) " 'Generally, the real party in interest is the person who has the right to sue under the substantive law.  It is the person who owns or holds title to the claim or property involved, as opposed to others who may be interested or benefited by the litigation. . . . . Real party in interest issues are often discussed in terms of plaintiff's "standing to sue." [Citation.]' [Citation.]  " 'The purpose of the real party in interest requirement is to assure that any judgment rendered will bar the owner of the claim sued upon from relitigating. "It is to save a defendant, against whom a judgment may be obtained, against further harassment or vexation at the hands of some other claimant to the same demand." ' " (*Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1094.)  For example, someone who is not a party to a contract has no standing to enforce the contract.  (*Hatchwell v. Blue Shield of California* (1988) 198 Cal.App.3d 1027, 1034.)

Here, Newman is not an owner of the property, nor is he a party to the loan agreement.  Accordingly, he lacks standing to sue.  Newman notes that Perlita executed a power of attorney granting him "broad powers to dispose, sell, convey, and encumber, [her] real and personal property."  The power of attorney does not assist Newman as he does not allege he utilized it to quitclaim the property into his name.  Thus, Perlita remains the sole owner of the property and Newman lacks standing to sue.  Newman next points to a letter Perlita sent to the Bank authorizing it to discuss the loan with Newman

5

on her behalf and the Bank's acknowledgment that it would discuss the loan with Newman. The letter and acknowledgement, however, merely gave the Bank the authority to discuss the loan with Newman. Perlita's letter did not give Newman any interest in the property or the underlying loan agreement. The Bank's acknowledgement specifically noted that "only the parties named in the Note are authorized to make any changes to the above mentioned loan." Newman does not allege he is a party to the note. Rather, Perlita is listed as the sole borrower.

Newman does not possess the rights he sues upon in the complaint. The rights sued upon are possessed by Perlita, the owner of the property and party to the loan. Thus, the trial court properly sustained the demurrer without leave to amend on the ground Newman lacked standing to sue. Based on this conclusion, we need not address Newman's remaining contentions.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to recover its costs on appeal.

McINTYRE, J.

WE CONCUR:

NARES, Acting P. J.

IRION, J.

6