NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY RAND, Individually and As Trustee of the Rand 1992 Irrevocable Trust; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MIDLAND NATIONAL LIFE INSURANCE; et al., <br><br> Defendants-Appellees. | No. 20-55020 <br><br> D.C. No. 2:19-cv-03104-RSWL-JEM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted March 4, 2021**
Pasadena, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CHRISTENSEN,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

Plaintiffs-Appellants[1] challenge the district court's denial of their motion to remand and dismissal of their first amended complaint with prejudice and without leave to amend. Because the parties are familiar with the facts, they are only recounted below where necessary to understand our conclusions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, for the reasons stated below, affirm.

Plaintiffs-Appellants advance four arguments on appeal. Specifically, they argue that the district court erred in concluding that: (1) Defendant-Appellee Michael Kelly is a sham defendant; (2) Ms. Rand-Lewis and Ms. Rand-Luby lack standing to maintain the action; (3) Mr. Rand's claims are barred by the applicable statute of limitations; and (4) leave to amend would be futile. We review these conclusions *de novo*. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (motion to dismiss); *United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002) (motion to remand).

1. The district court correctly denied Plaintiffs-Appellants' motion to remand on the grounds that Mr. Kelly is a sham defendant. Under the doctrine of fraudulent joinder, when a "plaintiff fails to state a cause of action against a [non-

[1] For clarity, we split Plaintiffs-Appellants into two categories. First, there is Gary Rand, individually, and Gary Rand, in his capacity as Trustee of the Rand 1992 Irrevocable Trust. These two parties are referred to collectively as "Mr. Rand." Second, there is Suzanne E. Rand-Lewis, individually, Suzanne E. Rand-Lewis as Trustee of the Suzanne E. Rand-Lewis Family Trust, Leslie B. Rand-Luby, individually, and Leslie B. Rand-Luby as Trustee of the Leslie B. Rand-Luby Living Trust. These four parties are collectively referred to as "Ms. Rand-Lewis and Ms. Rand-Luby." As such, the Plaintiffs-Appellants comprise Mr. Rand, Ms. Rand-Lewis, and Ms. Rand-Luby.

diverse] defendant, and the failure is obvious according to the settled rules of the state," the defendant's citizenship is immaterial to a complete diversity analysis. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The record establishes that Mr. Kelly never had any contact with Plaintiffs-Appellants regarding the life insurance policy that forms the basis of their claims. Moreover, the allegations within Plaintiffs-Appellants' first amended complaint do not plausibly advance any claim by which he could be held liable for the injuries of which they complain. Accordingly, it is obvious Plaintiffs-Appellants are unable to state a cause of action against him under California law. *United Comput. Sys.*, 298 F.3d at 761 (holding "[u]nder California law, 'only a signatory to a contract may be liable for any breach'" (citation omitted)); *see also Spirtos v. Allstate Ins. Co.*, 173 F. App'x. 538, 540 (9th Cir. 2006). The district court committed no error.

2. We agree with the district court that neither Ms. Rand-Lewis nor Ms. Rand-Luby have standing in this case. To sufficiently possess Article III standing, a litigant must have a personal stake in the outcome of the suit they seek to prosecute. *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 600 (9th Cir. 2020). As a non-constitutional matter, the requirements of prudential standing generally prohibit a litigant from "raising another person's legal rights." *United States v. Lazarenko*, 476 F.3d 642, 649–50 (9th Cir. 2007) (citation omitted).

3

In the context of insurance contracts, parties to that contract, such as the owner, generally have standing to maintain an action stemming from that contract, but standing also extends to nonparties who are "an insured or express beneficiary under the contract" as long as they assert their "*own* rights under the contract." *GIC Real Estate, Inc. v. ACE American Ins. Co.*, No. 17-cv-03143-SK, 2017 WL 10442699, *3 (N.D. Cal. Sept. 21, 2017) (emphasis in original) (citation omitted); *see also Hatchwell v. Blue Shield of Cal.*, 244 Cal. Rptr. 249, 253 (Cal. Ct. App. 1988). When one of these entities constitutes a trust, only its trustees have standing to prosecute the action on the trust's behalf. *Saks v. Damon Raike & Co.*, 8 Cal. Rptr. 2d 869, 874–75 (Cal. Ct. App. 1992).

Under the express terms of their first amended complaint, Ms. Rand-Lewis and Ms. Rand-Luby both prosecute this action in their individual capacities and in their capacities as trustees of trusts that have no relationship to this action or the life insurance policy at issue. Plaintiffs-Appellants' reliance on *Lewis v. Adams*, 11 P. 833 (Cal. 1886) and *Wise v. Williams*, 14 P. 204 (Cal. 1887), for the proposition that a trustee need only sue in their individual capacity to prosecute an action in their trustee capacity is unavailing. Neither of these cases enumerate or even support this position. The district court's holding as to the standing of Ms. Rand-Luby and Ms. Rand-Lewis is correct.

3. The district court did not err in concluding that Mr. Rand's claims are

4

barred by the applicable statute of limitations. To dismiss a complaint on statute of limitations grounds, it must appear "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (citation omitted). Although operating under Rule 12(b)(6), a district court properly considers extraneous documents on which the complaint "necessarily relies" if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). That is, the district court may treat the document "as part of the complaint, and thus may assume its contents are true for purposes" of the motion to dismiss. *Id.* (citation and quotation marks omitted).

As correctly noted by the district court, the crux of Plaintiffs-Appellants' thirteen claims is that Defendants-Appellees "wrongfully raised premium costs" to force "a lapse of the" policy at issue. The district court concluded, and the parties agree on appeal, that the most generous applicable statute of limitation for these claims is four years. The allegations within the complaint, including records of communications between Mr. Rand and Midland on which the complaint necessarily relies, reveal that Mr. Rand was suspicious that Midland was wrongfully computing premiums as early as 2012. As such, any suit filed by Mr.

5

Rand after 2016 would be barred, including the instant action filed in 2019.

Under California law, if application of the accrual rule results in a claim being barred by the applicable statute of limitations, "a handful of equitable exceptions to and modifications of the usual rules governing limitations periods" may nonetheless render the claim timely. *Aryeh v. Canon Bus. Sols.*, 292 P.3d 871, 875 (Cal. 2013). In this case, Plaintiffs-Appellants rely on the discovery rule and estoppel against limitations. Neither applies so as to render their claims timely.

The discovery rule, "where applicable, postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* (citation and internal quotation marks omitted). Under the discovery rule, the statute of limitations does not "accrue" when the last element occurs, but instead at the time the plaintiff "at least suspects that someone has done something wrong to him." *Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999) (citation and alterations omitted). When a plaintiff's complaint clearly establishes that "his claim would be barred without benefit of the discovery rule," the discovery rule will only apply when the complaint "specifically plead[s] facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005) (emphasis in original) (citation omitted).

As noted above, the communications between Midland and Mr. Rand, on which the complaint necessarily relies and whose authenticity Plaintiffs-Appellants do not dispute, clearly establish that Mr. Rand suspected that Midland was overcharging premiums in 2012. As such, it is apparent that taking Plaintiffs-Appellants' first amended complaint as alleged, in 2012 Mr. Rand possessed "information of circumstances to put a reasonable person on inquiry" that he had been injured by Midland. *Norgart*, 981 P.2d at 88–89 (citation omitted). The discovery rule thus does not extend the accrual date past 2012.

In support of a more favorable extension of the applicable accrual date under the discovery rule, Plaintiffs-Appellants contend that they lacked precise knowledge of how Midland was calculating the policy's premiums. But, as noted above, the discovery rule does not extend a claim's accrual until plaintiffs obtain knowledge regarding the precise circumstances surrounding their injuries. *Id.* Accordingly, we affirm the district court's conclusion that the discovery rule did not delay accrual of Mr. Rand's claims to a date within the applicable statute of limitations.

Under California law, the doctrine of estoppel against limitations prevents the estopped party from asserting a statute of limitations defense, but requires that:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the

true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

*Lukovsky v. City and Cnty of S.F.*, 535 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted). This defense "usually arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action." *Spray, Gould & Bowers v. Associated Int'l Ins. Co.*, 84 Cal. Rptr. 2d 552, 556 (Cal. Ct. App. 1999) (citation and quotation marks omitted); *see also Lukovsky*, 535 F.3d at 1052 (noting that "[i]f defendant had told plaintiff that it would not plead the statute of limitations as a defense to any suit . . . this would be a case for equitable estoppel") (alterations and citation omitted).

Plaintiffs-Appellants argue that equitable estoppel applies so as to bar Defendants-Appellees from raising a statute of limitations defense because: (1) Midland used an undisclosed formula to calculate premiums; (2) Midland withheld information; (3) they lacked knowledge of the true state of facts; and (4) they paid all premiums up until termination of the policy at issue. But the record is devoid of anything supporting the conclusion that Midland took any affirmative action to induce Mr. Rand into delaying the filing of his lawsuit. In other words, the first amended complaint does not contain any allegations from which it can plausibly be concluded that Midland's actions resulted in Mr. Rand waiting over seven years to file suit.

Conversely, as stated above, the record is clear that by 2012 Mr. Rand possessed all of the information necessary to file suit against Midland for allegedly overcharging premiums. Why Mr. Rand waited until 2019 to file suit remains unclear, but the first amended complaint does not contain sufficient allegations by which one could conclude the delay is attributable to Midland's conduct. Accordingly, the doctrine of equitable estoppel does not apply and Mr. Rand's claims are barred by the applicable statute of limitations.

4. The district court did not err in concluding that further amendment of Plaintiffs-Appellants' complaint would be futile. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012) (citation omitted). This includes cases in which "the record conclusively demonstrates that no appropriate amendment to the complaint could overcome [its] obvious problems." *Id.* at 1192 (citation omitted).

Plaintiffs-Appellants have failed to outline how any further amendment can overcome a statute of limitations defense. The district court already specifically permitted them to amend their complaint to do so, without success. As discussed above, the record before us contains ample evidence establishing Plaintiffs-Appellants' claims began to accrue, at the latest, in 2012. In short, the claims

advanced in this case are time barred and the district court correctly concluded that further amendments cannot overcome this obvious problem.

**AFFIRMED.**