[Civ. No. 15460. Fourth Dist., Div. Two. Oct. 1, 1976.]

DOROTHY AUSTERO, Plaintiff and Appellant, v.
NATIONAL CASUALTY COMPANY OF
DETROIT, MICHIGAN et al., Defendants and Respondents.

512

**COUNSEL**

Burton, Blodgett & Austero and Wayne J. Austero for Plaintiff and Appellant.

Cummins, White & Breidenbach, Howard D. Swainston and James R. Robie for Defendants and Respondents.

**OPINION**

KAUFMAN, J.—Dorothy Austero (hereafter "plaintiff"), the wife of Julius S. Austero, an incompetent, instituted this action as guardian ad litem of her husband and individually on her own behalf seeking compensatory and punitive damages for defendants' refusal to pay to Julius disability benefits allegedly due under policies of disability insurance and for defendants' alleged breach of the implied covenant of good faith and fair dealing arising out of the insurance policies.

The trial court sustained defendants' demurrer with leave to amend to plaintiff's first amended complaint insofar as it attempted to state causes of action in favor of plaintiff in her individual capacity. No further amendment to the complaint having been made, the court entered judgment dismissing the sixth and seventh counts in which plaintiff sought recovery in her individual capacity. The action remains pending on the several counts seeking recovery on behalf of Julius, and Julius is not a party to this appeal.

Notwithstanding the possibility that both plaintiff's complaint and her appellate brief are susceptible to the interpretation that plaintiff attempted to state a cause of action for intentional infliction of emotional distress, at oral argument plaintiff's counsel unequivocably disavowed

any attempt to establish liability on that theory. The sole question presented, therefore, is whether the wife of an insured can recover for emotional distress emanating from a bad faith breach of the implied covenant of good faith and fair dealing arising from a disability insurance policy. We have concluded that she may not, and, accordingly, we affirm the judgment of the trial court.

## Alleged Facts

In summarizing the pertinent facts we bear in mind that in testing the legal sufficiency of a pleading against a general demurrer, all properly pleaded allegations, including those that arise by reasonable inference, are deemed admitted regardless of the possible difficulty of proof at trial. (*Alcorn* v. *Anbro Engineering, Inc.,* 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216]; *Saxer* v. *Philip Morris, Inc.,* 54 Cal.App.3d 7, 18 [126 Cal.Rptr. 327].)

Plaintiff is the wife of Julius S. Austero who, prior to becoming totally disabled, was an attorney licensed to practice law in California and was actively engaged in the practice of law in Orange County.

Sometime in 1971 Julius became afflicted with a serious disease causing progressive deterioration of his mental processes. By May 5, 1972, his condition had deteriorated to the point that he was totally disabled from practicing law.

On May 5, 1972, Julius was insured by policies of disability insurance issued by defendant National Casualty Company of Detroit (hereafter "National") pursuant to which National agreed to pay Julius $300 per month for a maximum period of seven years should he, by virtue of illness, become totally disabled. One policy also provided for a $2,000 death benefit. Plaintiff, designated as the insured's wife, was the named beneficiary of the death benefit. Until Julius became disabled he paid all premiums due under the policies with funds which were community property of Julius and plaintiff.

Soon after Julius became totally disabled, notice of claim was submitted to National on his behalf. National was also provided with medical proof that Julius was unable to perform each and every duty pertaining to his profession since May 5, 1972. National, acting through its claims representative, defendant H. Gerald Commons, failed to

accept the submitted proofs of disability, and without further investigation or inquiry, unreasonably denied Julius' claim and refused payment thereof, knowing all the while that Julius was then entitled to payment of disability benefits.

When defendants rejected Julius' claim they did so with the intent to vex and annoy plaintiff and knowing that as a result thereof plaintiff would suffer extreme physical and emotional distress and discomfort. As a proximate result of defendants' said conduct, plaintiff did suffer physical and emotional distress and discomfort.

### Contentions, Discussion and Disposition

■ Plaintiff contends that her complaint alleges facts sufficient to entitle her to recover damages for emotional distress she allegedly suffered as the result of defendants' alleged breach of the implied-in-law duty of an insurer to act fairly and in good faith toward its insured. We cannot agree.

■ It is now established that the unreasonable and bad faith refusal of an insurer to pay the valid claim of its insured gives rise to the insurer's liability in tort not only for the insured's pecuniary loss but also for his consequential emotional distress. (*Silberg* v. *California Life Ins. Co.,* 11 Cal.3d 452, 460-461 [113 Cal.Rptr. 711, 521 P.2d 1103]; *Gruenberg* v. *Aetna Ins. Co.,* 9 Cal.3d 566, 573-575 [108 Cal.Rptr. 480, 510 P.2d 1032]; *Fletcher* v. *Western National Life Ins. Co.,* 10 Cal.App.3d 376, 401-402 [89 Cal.Rptr. 78, 47 A.L.R.3d 286]; see also *Merlo* v. *Standard Life & Acc. Ins. Co.,* 59 Cal.App.3d 5, 16 [130 Cal.Rptr. 416].) The theory upon which liability is predicated is that such conduct constitutes a tortious breach of the implied-in-law duty of good faith and fair dealing arising out of the insurance policy. (*Silberg* v. *California Life Ins. Co., supra*; *Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d at pp. 573-574; *Fletcher* v. *Western National Life Ins. Co., supra.*) ■ Although an action for bad faith breach of the covenant of good faith and fair dealing sounds in tort, the duty of good faith and fair dealing derives from and exists solely because of the contractual relationship between the parties. (*Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d at pp. 576, 577-578; *Truestone, Inc.* v. *Travelers Ins. Co.,* 55 Cal.App.3d 165, 170 [127 Cal.Rptr. 386].) Thus, one who is not a party to the underlying contract may not be held liable for breach of an implied covenant of good faith and fair dealing for as to him no such implied covenant exists. (*Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d at p. 576.)

The foregoing is dispositive of the case so far as defendant H. Gerald Commons is concerned. He was allegedly National's employee acting within the scope of his employment. He is not a party to the insurance contract and, thus, cannot be held liable for tortious breach of an implied-in-law covenant of good faith and fair dealing. (*Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d at p. 576.)

Plaintiff seems to acknowledge that she is not a party to the contract of insurance. She is not an insured, and, except as to the death benefit, she is not an expressly named beneficiary. She argues, however, that she is a foreseeable plaintiff, that is, that a reasonable man in the position of defendant National would have foreseen that its unreasonable, bad faith refusal to pay Julius' valid claim for disability would result not only in emotional distress to Julius, but also to his spouse.

National's answer to this argument is that emotional distress on the part of plaintiff was not reasonably foreseeable inasmuch as it did not know of her existence. This answer is devoid of merit. Plaintiff's existence and her relationship to Julius were disclosed on the face of one of the insurance policies where plaintiff, as Julius' wife, was named as beneficiary of the policy's death benefit.

We agree with plaintiff that emotional distress on her part was reasonably foreseeable, but our question is, "So what?" Foreseeability of harm is an important factor in fixing liability for negligently caused injury and may be an important factor in establishing tort liability generally, but it is only one of a number of policy factors to be considered. (See *Rowland* v. *Christian,* 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; *Amaya* v. *Home Ice, Fuel & Supply Co.,* 59 Cal.2d 295, 309-310 [29 Cal.Rptr. 33, 379 P.2d 513] [overruled on other grounds by *Dillon* v. *Legg,* 68 Cal.2d 728, 748 (69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316)]; *Lucas* v. *Hamm,* 56 Cal.2d 583, 588 [15 Cal.Rptr. 821, 364 P.2d 685]; *Biakanja* v. *Irving,* 49 Cal.2d 647, 650 [320 P.2d 16, 65 A.L.R.2d 1358]; *Commercial Standard Ins. Co.* v. *Bank of America,* 57 Cal.App.3d 241, 248 [129 Cal.Rptr. 91]; *Derrick* v. *Ontario Community Hospital,* 47 Cal.App.3d 145, 153 [120 Cal.Rptr. 566].)

Whether for better or worse, the historical development of a tort is an important factor in determining its scope (see Prosser, Law of Torts (4th ed. 1971) pp. 19-21), and, thus far, liability for "bad faith" has been strictly tied to the implied-in-law covenant of good faith and fair dealing

arising out of an underlying contractual relationship. Where no such relationship exists, no recovery for "bad faith" may be had. (*Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d at p. 576.)

Finally, plaintiff urges that the disability policy premiums were paid with community funds, that the policies and their proceeds constitute community property and that National's bad faith refusal to pay disability benefits under the policies constituted an invasion of her community property interest in the policies and their proceeds, entitling her to recover.[1]

As we have already explained, an insurer's duty of good faith and fair dealing is owed solely to its insured and, perhaps, any express beneficiary of the insurance policy. Whatever plaintiff's property rights with respect to the policies and their proceeds may be, the fact remains that she is not a party to the contracts. As to disability benefits, plaintiff is at most an incidental or remote beneficary, and, as such, can state no cause of action against National for breach of a duty, express or implied, arising from the contractual relationship. (Cf. *Fryer* v. *Kaiser Foundation Health Plan,* 221 Cal.App.2d 674, 678-679 [34 Cal.Rptr. 688]; *Chamberlin* v. *City of Los Angeles,* 92 Cal.App.2d 330, 332-333 [206 P.2d 661].)

The judgment is affirmed.

Gardner, P. J., and Morris, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 22, 1976. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

[1]To the extent it may be pertinent we note that the acts here involved occurred and this action was instituted prior to January 1, 1975, the effective date of the legislation giving wives equal control over community property, i.e., Civil Code sections 5125 and 5127. (See Stats. 1973, ch. 987, § 20, p. 1905; Stats. 1974, ch. 1206, § 7, p. 2610.)