ZALZAL ET AL., APPELLEES, *v.*
SCOTT, APPELLANT.

(No. C-800088—Decided March 4, 1981.)

*Messrs. Wasserman & Richards* and *Mr. Stuart L. Richards,* for appellees.

*Messrs. Rice & Ladrigan* and *Mr. Paul D. Rice,* for appellant.

*Per Curiam.* After a trial to the court, judgment was awarded in favor of plaintiffs-appellees, Michael Zalzal and Ziebart Rustproofing, Inc., and against the defendant-appellant, Richard Scott, for personal injury and for the cost of rustproofing defendant's car. Defendant appeals the first part of the judgment only (not the cost of rustproofing), claiming that the court erred in awarding damages for personal injury because plaintiff Michael Zalzal failed to offer expert medical testimony of the causal connection between the tortious act and the injury. We find no error.

Defendant refused to pay the bill for rustproofing his car because it was not cleaned up and ready for him at the moment he arrived to get it. The Ziebart manager (Zalzal) testified that the defendant was violent and that he grabbed the manager by the tie and pulled him at least half the length of the car. While the manager did not receive any medical treatment other than aspirin, he suffered pain in his neck and shoulders and he had headaches.[1]

Contrary to appellant's claim, it is not absolutely necessary in all cases of

---

[1] We do not reach and do not decide whether the evidence of pain was sufficient in character and scope to support the judgment or whether the amount of the award was excessive, because those issues were not raised in this appeal.

physical injury to produce expert testimony to prove the causal connection between the tort and the injury; because, when it is a matter of common knowledge that a certain act will produce injury or pain, expert testimony is not required. Thus, an expert medical witness was not necessary to prove that, when a liquid heated to 880 degrees Fahrenheit came into contact with the plaintiff's eye, it caused injury. *Bowling* v. *Indus. Comm.* (1945), 145 Ohio St. 23 [30 O.O. 245]. In this case, the testimony of plaintiff Zalzal about being pulled around by his necktie was sufficient to prove the proximate cause of his injuries.

The assignment of error has no merit. We affirm.

*Judgment affirmed.*

BLACK, P.J., PALMER and KLUSMEIER, JJ., concur.