**Larry BORNSTEIN and Sandy Bornstein, Plaintiffs,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant.**

No. 84–C–1344.

United States District Court,
E.D. Wisconsin.

Nov. 19, 1985.

Marjan R. Kmiec, Milwaukee, Wis., for plaintiffs.

Robert C. Burrell, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for defendant.

## ORDER

WARREN, District Judge.

This case involves an alleged breach of a health insurance contract between plaintiff Larry Bornstein and defendant Fireman's Fund Insurance Company. The complaint includes three separate claims, the first two of which have been brought by Larry Bornstein for breach of contract and for emotional distress incurred by him due to defendant's alleged bad faith refusal to pay benefits under the insurance contract. The third claim was brought by Sandy Bornstein, Larry Bornstein's wife, for loss of consortium which she alleges was caused by the acts of the defendant. Jurisdiction exists on the basis of diversity of citizenship.

Presently before the Court is the defendant's motion to dismiss count three of the complaint, Sandy Bornstein's claim for loss of consortium. The defendant contends that this claim should be dismissed for two reasons: (1) Wisconsin law does not permit a spouse's claim for loss of consortium when the primary claim is for bad faith refusal to pay insurance benefits; and (2) a claim for loss of consortium cannot be brought in the absence of a physical injury to the claimant's spouse.

Sandy Bornstein, hereafter referred to as the plaintiff, responds that her claim for loss of consortium is an entirely separate cause of action which does not arise from her husband's bad faith claim. The plaintiff also contends that a claim for loss of consortium depends upon a personal injury to the claimant's spouse, as opposed to defendant's assertion that the injury be a physical one.

The Court does not intend to resolve the latter issue as the complaint quite clearly indicates that the defendant's acts caused not only mental but also physical damage to Larry Bornstein. Paragraph 5 of the complaint reads as follows:

5. That the plaintiff, Larry Bornstein, had physiological problems that required treatment by various doctors and clinics, including treatment at the U.C.L.A. Medical Center in Westwood, California. That he treated (sic) for viral encenphalitis (sic), viral hepatitis, anxiety, muscle jerking, and ulcerative prostatitis (coli-

tis), which conditions are exacerbated by tension and anxiety, and ultimately deep depression. That his condition required medical treating and medication, including medically necessary examinations leading to diagnosing and further treatment of the plaintiff.

In paragraph 17, plaintiff Larry Bornstein alleges that:

17. As a proximate result of the tortious conduct of the defendant, the plaintiff, Larry Bornstein, has suffered physical and emotional injuries, and has incurred hospital and medical expenses, and other damages. The plaintiff, Larry Bornstein, has suffered psychological harm, all to his damage in a sum as set out hereinafter. Proof to be furnished at the time of trial as to other damages.

Assuming all of the allegations of the complaint to be true, as the Court must in resolving a motion to dismiss, *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), the Court concludes that Larry Bornstein suffered both physical and mental injuries as a proximate result of the defendant's actions. The plaintiff's failure to raise this argument in her brief is perplexing.

As to defendant's first argument in support of its motion to dismiss, only three Wisconsin cases on point have been brought to the Court's attention. In those cases, *Sanchez v. Aetna Casualty & Surety Co. of America*, Milwaukee County Circuit Court Case No. 670–204 (August 26, 1985), *Wachtl v. Insurance Company of North America*, Milwaukee County Circuit Court Case No. 622–303 (April 27, 1984), and *Vasquez v. Insurance Company of North America*, Milwaukee County Circuit Court Case No. 542–938 (May 27, 1981), the circuit courts dismissed the loss of consortium claims arising out of the insurers' alleged bad faith refusal to provide insurance benefits. In *Wachtl*, the only written decision of the three which included any discussion of the issue, the court stated that the wife's claim for loss of consortium was dependent upon her husband's injury. Since the insurer's only duty ran to the plaintiff's husband as the injured party, the court concluded that the wife lacked a claim for loss of consortium. *Wachtl, supra.*

Neither this Court nor, apparently, either of the parties was able to locate a Wisconsin Supreme Court or Court of Appeals decision discussing whether a claim for loss of consortium may arise out of a bad faith refusal to pay insurance benefits. Understandably, spouses of those whose insurance benefits have been wrongfully denied rarely file claims for loss of consortium, thus explaining the paucity of cases in which this issue was raised.

In a situation analagous to the present one, the court in *Austero v. National Casualty Co. of Detroit, Mich.*, 62 Cal.App.3d 511, 133 Cal.Rptr. 107 (1976), dismissed a claim for emotional distress filed by the wife of a man whose insurance company refused, in bad faith, to pay him·disability insurance benefits. The Court reasoned that, since the wife was not a party to the insurance contract, the insurer owed no duty to her to settle her husband's claim in good faith. 133 Cal.Rptr. at 109–111.

The plaintiff in the present case attempts to distinguish *Austero* from this action on the basis that her claim is for loss of consortium, not emotional distress. While this distinction is noteworthy, it does not render the analysis and result of the *Austero* case entirely inapplicable. In fact, the same logic employed by the court in *Austero* served as the basis of the court's decision in *Wachtl*, where a claim for loss of consortium was at issue.

The Court agrees with the plaintiff that her claim for loss of consortium is a separate cause of action apart from her husband's claims. *Schwartz v. City of Milwaukee*, 54 Wis.2d 286, 293, 195 N.W.2d 480 (1972). In that sense, one who has suffered a loss of consortium need not rely upon her spouse to file an action for his injuries in order to pursue her own claim separately. *Fitzgerald v. Meissner & Hicks, Inc.*, 38 Wis.2d 571, 157 N.W.2d 595 (1968).

The Court does not view this argument, however, as one which necessarily addresses and refutes the defendant's position. A wife's claim for loss of consortium does depend upon an injury to her husband. In order for the wife to recover on her claim, it is clear that the defendant must be found liable for breach of some contractual obligation or duty owed to her husband.

The crux of the present dispute centers on whether the defendant must have breached a corresponding contractual obligation or duty owed to the wife in order for her to assert a claim for loss of consortium. The circuit courts of this state which have addressed this question answered it affirmatively. The decision of the California court is consistent with those of the Wisconsin circuit courts. The plaintiff has presented no authority to the contrary. Until this question is reached and resolved by the appellate courts of this state, this Court will follow the decision of the circuit courts on this question of state law.

Accordingly, defendant's motion to dismiss count three of the complaint is hereby GRANTED.