### Eastham v.
### Nationwide Mutual Insurance Co.
*[Cite as 5 AOA 8]*

*Case No. C-890045*
*Hamilton County, (1st)*
*Decided July 3, 1990*

*James G. Andrews, Jr., Esq., Suite 1000, 414 Walnut Street, Cincinnati, Ohio 45202, for Plaintiffs-Appellees.*

*Douglas E. King, Esq., McCaslin, Imbus & McCaslin, 1200 Gwynne Building, 602 Main Street, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, and the briefs and the argument of counsel.

Plaintiffs-appellees, Ed Eastham, individually, as father and next of kin of Robert Eastham and as administrator of the estate of Robert Eastham, and Lora Eastham, as mother and next of kin of Robert Eastham, filed a complaint against defendant-appellant, Nationwide Mutual Insurance Company (Nationwide), and James Strausbaugh which alleged bad faith in the adjustment of a claim on the insurance policy issued to Ed Eastham by Nationwide. The trial court dismissed the plaintiffs' claims against special claims representative Strausbaugh, and the remaining claims against Nationwide proceeded to trial. A jury returned a verdict for the plaintiffs against Nationwide in the amount of $425,000 in compensatory damages and $500,000 in punitive damages. The trial court overruled Nationwide's motion for a new trial, and Nationwide appealed.

On appeal, Nationwide raises five assignments of error. We find one to be well taken and sustain another in part. We, therefore, reverse the judgment of the trial court and remand the cause for further proceedings.

Nationwide issued an automobile insurance policy to Ed Eastham and his son, Michael Eastham. The policy provided $1,000 medical-payments coverage and $50,000 uninsured-motorist coverage. The policy further provided that this coverage extended to the named insureds and to relatives living in the household.

On January 6, 1982, Ed Eastham's son Robert was involved in a single-car collision. The driver of the car did not have insurance. Twenty days later, Robert died as a result of the injuries he sustained in the accident.

Lora Eastham notified Nationwide of the accident and sent the medical bills to Strausbaugh. A year and a half after the accident, on June 11, 1983, Nationwide sent Ed Eastham $51,000 due under the insurance policy.

From the time of their son's death until they received Nationwide's payment under the insurance policy, Ed and Lora Eastham were confronted with collection notices and threatened with law suits for failing to pay the medical bills incurred by their son. Because of this harassment, they suffered physical and emotional distress. They then filed this action against Nationwide.

In its fourth assignment of error, Nationwide contends that the trial court improperly denied its motion for a directed verdict on the claims filed against it by Lora Eastham. Nationwide argues that Lora Eastham was not a proper plaintiff in this case because she was not a named insured on the insurance policy issued to Ed and Michael Eastham. The Easthams argue that Lora was insured under the policy as Ed's wife and, therefore, she was a proper plaintiff in this case. However, whether Lora is insured under this policy is irrelevant to a determination of this assignment of error.

Robert Eastham was involved in a single-car accident in which he sustained serious injuries which lead to his death. Under the insurance policy issued to Ed Eastham, Nationwide was obligated to pay up to $51,000 of the expenses incurred by Robert Eastham ($50,000 limit for uninsured motorist coverage; $1,000 limit for medical-payments coverage). This money was owed to Robert Eastham, and upon his death,

was owed to the administrator of his estate, Ed Eastham. No amount of this money was ever owed to Lora Eastham.

Based on the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of the claims of its insured, and a breach of this duty will give rise to a cause of action against the insurer. *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272, 452 N.E. 2d 1315. This cause of action lies in tort irrespective of any liability arising from a breach of the underlying contract. *Staff Builders, Inc. v. Armstrong* (1988), 37 Ohio St. 3d 298, 525 N.E. 2d 783. However, the insurer's duty of good faith and fair dealing derives from and exists solely because of its contractual relationship with its insured. See *Gruenberg v. Aetna Ins. Co.* (1973), 9 Cal. 3d 566, 108 Cal. Rptr. 480, 510 P. 2d 1032.

Under the insurance policy issued to Ed Eastham, Nationwide had a duty to act in good faith in settling the claim for medical expenses incurred by Robert Eastham. Upon Robert Eastham's death, Nationwide's duty of good faith was owed to Ed Eastham as administrator of his son's estate. That duty did not extend to Lora Eastham since she had no right to receive the money owed by Nationwide under the insurance policy.

Although Lora was insured by the policy, she was not a party in the claim for benefits under the policy filed on behalf of her son. Under such circumstances, Nationwide may not be held liable for breach of an implied covenant of good faith as to Lora Eastham since no such implied covenant existed. See *Gruenberg, supra.*

We note that Lora Eastham may have been a foreseeable plaintiff in that a reasonable person in the position of Nationwide would have foreseen that its bad-faith refusal to pay Ed Eastham's valid claim on behalf of his son would result not only in emotional distress to Ed Eastham, but also to his-fife. However, we believe that liability for bad faith must be strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of the underlying contractual relationship. See *Austero v. National* Casualty Co. of Detroit, Michigan (1976), 62 Cal. App. 3d 511, 133 Cal. Rptr. 107. Since no such relationship existed between Nationwide and Lora Eastham on the claim for benefits on behalf of Robert Eastham, no recovery for bad faith may be had.

Although Lora Eastham suffered emotional distress from Nationwide's bad-faith refusal to pay a claim, she may not recover those damages from Nationwide. She is, at most, an incidental or remote beneficiary of the money by Nationwide, and, as such, she can state no cause of action against Nationwide for breach of a duty arising from the contractual relationship. See *Austero, supra.* We, therefore, sustain the fourth assignment of error.[1]

In its first assignment of error, Nationwide contends that the trial court improperly permitted the jury to consider the physical suffering of Ed Eastham in determining the amount of compensatory damages. Nationwide argues that the jury should not have considered the physical suffering of Ed Eastham because he failed to present expert testimony regarding these types of injuries.

Ed Eastham had a history of diabetes, kidney problems and heart problems. When the bill collectors began sending notices and telephoning the Easthams about the unpaid medical bills incurred by their son, Ed Eastham became nervous. He had to take nerve and heart medications to calm him. Lora Eastham testified that the bill collectors "just had Ed down."

The trial court then instructed the jury to consider several things in determining compensation for the actual damages sustained by Ed and Lora Eastham which were proximately caused by Nationwide's bad faith. The trial court specifically instructed the jury that they "may also take into consideration any physical or mental suffering, including embarrassment, humiliation or damage to reputation, if anything, which they may have experienced."

Expert medical testimony is not required in every case to determine the extent of a person's injuries and pain and suffering. *Turner v. Barrett* (1980), 68 Ohio App. 2d 80, 426 N.E.2d 1193. When it is a matter of common knowledge that a certain act may produce injury, expert testimony is not required. *Zalzal v. Scott* (1981), 1 Ohio App. 3d 151, 440 N.E.2d 64.

In this case, Lora Eastham's testimony that her husband became nervous and had to take medication when the bill collectors appeared was sufficient to establish the physical damages sustained by Ed Eastham as a result of Nationwide's failure to adjust his claim in a timely fashion. An expert witness was not required to prove that Ed Eastham was nervous when confronted by bill collectors since it is a matter of common knowledge that continued harassment regarding unpaid medical bills may make an individual nervous and may aggravate

a pre-existing heart condition. We, therefore, find no merit in Nationwide's first assignment of error.

In its second and third assignments of error, Nationwide contends that the compensatory damages awarded by the jury were excessive. Nationwide argues that the damages awarded to Ed and Lora Eastham were against the weight of the evidence and were given under the influence of passion and prejudice.

Ed and Lora Eastham presented evidence of their costs in this case including expenses incurred in collecting the $51,000 from Nationwide under the insurance policy, attorney's fees, and lost interest. In addition, they testified as to their humiliation, embarrassment, nervousness, and loss of self-worth while being harassed by collectors about bills that they were unable to pay. Based on this evidence, the jury awarded Ed and Lora Eastham $425,000 in compensatory damages. The trial court then denied Nationwide's motion for a new trial based upon the amount of compensatory damages awarded by the jury.

A trial court is vested with broad discretion in deciding whether to order a new trial based on excessive or inadequate damages, and a reviewing court cannot reverse the trial court's decision absent an abuse of that discretion. *Lanser v. Clark Equipment Company* (Sept. 20, 1989), Hamilton App. No. C-880465, unreported. We find no abuse of that discretion in this case.

It was within the purview of the jury to determine the amount of damages that Ed and Lora Eastham suffered as a result of the bad faith of Nationwide. Based upon the testimony of Ed and Lora Eastham, we cannot conclude that the amount of damages awarded by the jury was against the weight of the evidence. Furthermore, although the award of $425,000 may be considered high, it does not alone indicate passion or prejudice, and we cannot discern anything else in the record which would indicate that the award was the result of the passion or the prejudice of the jury. See *Harris v. Blank* (Dec. 31, 1985), Franklin App. No. 85AP-336, unreported. Therefore, neither this court nor the trial court can substitute its judgment for that of the jury in the area of damages in this case. See *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 495 N.E.2d 462. Accordingly, we overrule Nationwide's second and third assignments of error.

In its last assignment of error, Nationwide contends that the trial court improperly denied its motion for a directed verdict on the claims filed against it by Ed and Lora Eastham. On June 11, 1983, when Nationwide sent the check for $51,000, Ed Eastham executed a release and trust agreement with Nationwide. Nationwide argues that the release signed by Ed Eastham as administrator of the estate of Robert Eastham bars the instant action which alleged bad faith.

The release and trust agreement signed by Ed Eastham provides that, in consideration of the sum of "$50,000" (sic), Ed Eastham, individually and as administrator of his son's estate, his "heirs, executors, administrators, successors and assigns" release and discharge Nationwide from all claims resulting from the accident which occurred on January 6, 1982. We agree that this agreement would bar an action by the Easthams against Nationwide on a claim for damages resulting from the death of Robert Eastham under the insurance policy issued to Ed Eastham.

However, the instant action is based upon an allegation of bad faith on behalf of Nationwide in adjusting an insurance claim. This tort claim does not result from the accident which occurred on January 6, 1982, but instead results from Nationwide's bad faith in dealing with its insured. The instant claim sounding in tort is independent of the insurance policy and, therefore, is not barred by the release and trust agreement signed by Ed Eastham. See, generally, *United Dept. Stores Co. No. 1 v. Continental Casualty Co.* (1987), 41 Ohio App. 3d 72, 534 N.E. 2d 878 (bad-faith action against insurance company governed by statute of limitations for torts, and not by contractual limitations period contained in the policy); *Plant v. Illinois Employers Insurance of Wausau* (1984), 20 Ohio App. 3d 236, 485 N.E. 2d 773 (tort claim against insurer for bad faith was independent of policy, and thus not subject to limitation period contained in policy).

Since this action is not precluded by the release and trust agreement, the trial court properly denied Nationwide's motion for a directed verdict on all claims filed against it by Ed Eastham. However, as discussed above, Lora Eastham was not a proper plaintiff in this case. Therefore, Nationwide's motion for a directed verdict on her claims should have been granted. Accordingly, Nationwide's fifth assignment of error is sustained in part and overruled in part.

Ed and Lora Eastham have filed in this court a request for an award of damages pursuant to App. R. 23. We find that Nationwide's appeal was not frivolous and, therefore, we deny the Easthams' request.

The judgment of the trial court is reversed. This cause is remanded for further proceedings in accordance with this Decision.

*Judgment reversed and
cause remanded.*

SHANNON, P.J., KLUSMEIER and UTZ, J.J.

_____

[1] Although we overrule these assignments of error in this appeal, we note that on remand and retrial of this case, only the damages sustained by Ed Eastham may be recovered, along with any punitive damages the jury may award.