Clare Stenzel appeals the judgment of the Ross County Court of Common Pleas awarding Barbara and Jack Mahaffey $3,500 for injuries sustained by Barbara in an automobile accident. On appeal, Stenzel contends that the trial court erred by denying her motion for a directed verdict. We agree, because the Mahaffeys failed to offer any evidence establishing that Barbara's injuries were caused by the accident. The Mahaffeys cross-appealed, asserting that the trial court erred by excluding the testimony of their expert that the accident "certainly could" have caused Barbara's injuries. We disagree, because the expression of probability, not mere possibility, is a condition precedent to the admission of expert testimony regarding causation. Accordingly, we reverse in part and affirm in part the judgment of the trial court.
 I.
The Mahaffeys filed a complaint against Stenzel for damages sustained by Barbara in an automobile accident. On the day of the accident, Barbara was stopped at an intersection when she noticed Stenzel approaching in her rearview mirror. Barbara looked over her right shoulder, and Stenzel's car struck the rear bumper of Barbara's car. Barbara testified at trial that she began to experience pain in her neck, back, and arms immediately after the accident.
Barbara sought $55,000 for medical expenses, pain and suffering and lost ability for normal activities. Jack Mahaffey sought $5,000 for loss of consortium. Stenzel stipulated that she negligently failed to stop and that her negligence caused the accident. The case proceeded to trial on the issues of proximate cause and damages.
At trial, the Mahaffeys introduced the testimony of three medical experts, each of whom diagnosed Barbara with chronic cervical strain and myofascial pain. The direct examination of Dr. George Waylonis, introduced via a videotaped deposition, included a request for Dr. Waylonis' opinion on whether injuries like Barbara's can be caused by an accident like the one Stenzel caused. Over Stenzel's objection, Dr. Waylonis responded that such an accident "certainly could" produce symptoms of chronic cervical strain and myofascial pain, particularly if Barbara was looking over her shoulder when it occurred. Stenzel objected on the grounds that Dr. Waylonis was not an expert in biomechanical engineering, that Dr. Waylonis' answer was nonresponsive, and that Dr. Waylonis' opinion was not expressed in terms of probability. The trial court sustained the objection, and the testimony did not reach the jury.
Stenzel moved for a directed verdict at the close of the Mahaffeys' case-in-chief and at the close of evidence. Stenzel asserted that the Mahaffeys failed to present medical evidence establishing that the accident caused Barbara's injuries. Further, she alleged that their failure to do so was fatal to their claim. The Mahaffeys argued that the jury could conclude from common knowledge that the accident caused Barbara's injury. The trial court expressed its inclination to grant the motion to dismiss, but ultimately opted to deny the motion in order to create a comprehensive record for review on appeal.
The jury returned a general verdict for the Mahaffeys in the amount of $3,500. Stenzel appealed, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO DIRECT A VERDICT AGAINST APPELLEES, BARBARA A. AND JACK MAHAFFEY, SINCE APPELLEES DID NOT PRESENT COMPETENT MEDICAL PROOF ON THE ISSUE OF CAUSATION.
The Mahaffeys cross-appealed, asserting the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO ADMIT THE TESTIMONY OF AN EXPERT MEDICAL WITNESS EXPRESSING AN OPINION TO THE REQUISITE DEGREE OF PROBABILITY CONCERNING THE PROXIMATE CAUSE OF AN INJURY.
 II.
We first address the Mahaffeys' assignment of error relating to the admissibility of Dr. Waylonis' testimony. In their assignment of error, the Mahaffeys assert that the trial court abused its discretion in refusing to admit Dr. Waylonis' testimony regarding whether the accident caused Barbara's injuries. Stenzel objected to Dr. Waylonis' testimony on the ground that the opinion was not expressed within the requisite degree of probability. The Mahaffeys assert, despite their failure to ask Dr. Waylonis to state his opinion within a reasonable degree of medical probability, that Dr. Waylonis expressed his opinion in terms of probability.
A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to defendant. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271;State v. Hymore (1967), 9 Ohio St.2d 122, certiorari denied (1968), 390 U.S. 1024. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
A trial court may not admit expert testimony that an event proximately caused an injury unless the expert expresses his opinion in terms of probability. Stinson v. England (1994),69 Ohio St.3d 451, paragraph one of the syllabus. It is "probable" that an event proximately caused an injury when "there is a greater than fifty percent likelihood" that the event produced the injury at issue. Id., citing Cooper v. Sisters of Charityof Cincinnati, Inc. (1971), 27 Ohio St.2d 242, 253. Expression of an expert opinion in terms of probability relates to the admissibility of the evidence, not its weight. Id. at paragraph one of the syllabus.
Parties typically ask expert witnesses to state their opinions in terms of a "reasonable degree of medical certainty" or a "reasonable degree of medical probability." However, experts need not use these "magic words;" the expert's opinion is admissible as long as it provides evidence of "more than mere possibility or speculation." Ward v. Herr Foods, Inc.
(Aug. 16, 1990), Vinton App. No. 456, unreported. See, also,Roberts v. Mutual Mfg. and Supply Co. (1984), 16 Ohio App.3d 324. Additionally, an expert can cure a defective hypothetical question — one which does not ask for an opinion in terms of probability — by offering his or her opinion in terms of probability. Finnegan v. Yamour (Aug. 8, 1990), Highland App. No. 715, unreported, citing Fox v. Ind. Comm. (1955), 162 Ohio St.2d 569,579.
In this case, the Mahaffeys asked Dr. Waylonis whether he had an opinion regarding whether a hypothetical accident like the one at issue "could have caused injury to [Barbara]." Thus, the Mahaffeys posed a question expressed in terms of possibility, not probability. Dr. Waylonis answered that such an impact, "even though it was a minor impact, that it certainly could" cause symptoms like Barbara's. The Mahaffeys argue that Dr. Waylonis' use of the word "certainly" elevates his answer from one expressing possibility to one expressing probability. Stenzel asserts that "could" refers only to possibilities, regardless of how it is modified.
The Ohio Supreme Court examined the meaning of the word "could" in the context of expert testimony in Shumaker v.Oliver B. Cannon Sons, Inc. (1986), 28 Ohio St.3d 367. InShumaker, an expert witness for the plaintiff opined within a reasonable degree of medical probability that certain toxic fumes could have caused the plaintiff's cancer. The trial and appellate courts found the testimony admissible based on the expert's use of the phrase "reasonable degree of medical probability." The Supreme Court reversed, noting that the expert modified his statement of medical probability with the word "could." Id. at 369. The court held that the expert did not testify that the injury was causally linked to the fumes, but only that such a causal connection could, but not necessarily did, exist. Id.
Like the expert in Shumaker, Dr. Waylonis used the word "could" to express his opinion. Even when modified by "certainly," the phrase can only be interpreted to mean that Dr. Waylonis firmly believes that a causal connection between the accident and Barbara's injuries may exist. Because expert testimony is admissible only when it states a probability, rather than a mere possibility, we find that the trial court did not abuse its discretion when it excluded Dr. Waylonis' opinion from admission into evidence.
Accordingly, we overrule the Mahaffeys' assignment of error.
 III.
In her assignment of error, Stenzel contends that the trial court improperly denied her motion for a directed verdict on the Mahaffeys' claims relating to Barbara's alleged injuries. Stenzel argues the Mahaffeys did not present any expert medical testimony to establish a causal connection between the accident and Barbara's injuries.
Pursuant to Civ.R. 50, a trial court must grant a properly made motion for a directed verdict if, "after construing the evidence most strongly in favor of the party against whom the motion is directed, [the court] finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." Civ.R. 50(A)(4). This rule requires the trial court to give the non-moving party the benefit of all reasonable inferences that may be drawn from the evidence.Broz v. Winland (1994), 68 Ohio St.3d 521, 526.
A motion for a directed verdict tests the legal sufficiency of the evidence rather than its weight or the credibility of the witnesses. Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, paragraph one of the syllabus. Therefore, a motion for a directed verdict presents a question of law, and an appellate court conducts a de novo review of the lower court's judgment. Howell v. Dayton Power Light Co. (1995), 102 Ohio App.3d 6,13; Keeton v. Telemedia Co. of Southern Ohio (1994),98 Ohio App.3d 405, 409.
In an action for negligence, the plaintiff bears the burden of establishing the existence of "a duty, a breach of that duty and injury resulting proximately therefrom." Mussivand v. David
(1989) 45 Ohio App.3d 314, 318. The plaintiff must present expert medical testimony to establish causation when he asserts a specific physical injury, the cause for which is not within common knowledge. Darnell v. Eastman (1970), 23 Ohio St.2d 13, syllabus. Merely presenting evidence that symptoms not present before an accident arose after the accident is insufficient to establish causation, even if the plaintiff presents his medical history through expert testimony. See Darnell at 17. A layperson's testimony may be sufficient to establish causation when the "questions of cause and effect * * * are so apparent as to be matters of common knowledge." Darnell at syllabus. However, the defendant is entitled to judgment as a matter of law if the plaintiff fails to present medical testimony of causation not within common knowledge. Id.
 A.
The Mahaffeys first contend that they did present medical testimony which established that the accident proximately caused Barbara's injury. However, our review of the transcript reveals that the Mahaffeys never asked their medical experts to state their opinions establishing the accident as the cause of Barbara's injuries. Nor did the experts ever offer such opinions. Although the medical experts' testimony indicates that they were aware of Barbara's medical history, including the accident, their recitation of her medical history by itself does not establish a casual connection. See Darnell at 17. Thus, by failing to propound the appropriate questions, the Mahaffeys failed to elicit medical testimony establishing proximate cause.
 B.
The Mahaffeys next assert that the condition of cervical strain is so apparent that it is within the common knowledge of laypersons, and therefore no medical testimony was necessary. For example, when a the plaintiff suffered a neck injury after the defendant yanked his necktie, the court determined that the cause of the plaintiff's neck injury was sufficiently apparent to be within common knowledge. Zalzel v. Scott (1981), 1 Ohio App.3d 151. Likewise, in Davis v. DT Limousine Service (June 16, 1994), Cuyahoga App. Nos. 65683 and 66027, unreported, the court determined that, in a rear-end automobile collision case where the forward automobile's occupant is wearing a shoulder safety strap, a shoulder injury is within the common knowledge of laypersons. See, also, Guckes v. Feusner (Mar. 22, 1996), Hancock App. No. 5-95-39, unreported.
Zalzel and Davis are distinguishable from the present case in one key respect. In both Zalzel and Davis, the plaintiffs claimed a injury which resulted from actual physical contact at the site of the injury. When plaintiffs seek damages for subjective injuries occurring without physical contact, such as whiplash, expert testimony as to causation is required. Davis,supra. While the plaintiff in Davis was not required to present expert testimony regarding his shoulder injury from the safety belt, the court found that proof of proximate cause regarding his neck and lumbosacral strain involved matters beyond the scope of common knowledge. See, also, Boewe v. FordMotor Co. (1992), 94 Ohio App.3d 270; Dolly v. Daugherty (Nov. 15, 1979), Cuyahoga App. No. 40021, unreported. C.f. Vesel v.Bamber (Aug. 29, 1990), Hamilton App. Nos. C-890440 and C-890460, unreported (It is a matter of common knowledge that automobile accidents often cause neck injuries).
The Mahaffeys allege that Barbara strained her neck and back when Stenzel collided with her, but do not contend that Barbara's injuries resulted from any physical contact with her back or neck. Thus, we find that her injuries do not qualify as injuries for which the cause is within the common knowledge of laypersons.
 C.
Finally, the Mahaffeys assert that they were not required to produce expert medical testimony as to Barbara's pain and suffering because Barbara's own testimony constitutes direct proof of her pain and suffering. The Mahaffeys reason that, even if we determine that the trial court erred by submitting Barbara's medical expenses to the jury, Barbara's testimony and the medical diagnosis admitted into evidence constituted sufficient proof of pain and suffering to withstand Stenzel's motion to dismiss. In support of their argument, the Mahaffeys cite Klesch v. Reid (1994), 95 Ohio App.3d 664. In Klesch, the court held that a plaintiff involved in an automobile accident could testify to her own pain and suffering and the relationship of her injury to an automobile accident "where the damages are not so great as to require expert testimony."Klesch at 676, citing Watson v. Norfolk W. Ry. Co. (1987),30 Ohio App.3d 201 and Turner v. Barrett (1980), 68 Ohio App.2d 80. The Klesch court cautioned, however, that "no damages can be awarded unless the party presents evidence that there was a reasonable basis for her pain." Id. at 676.
The Mahaffeys assert that they presented evidence of Barbara's pain and suffering via her testimony, and a reasonable basis via expert testimony of her diagnosed injury. Stenzel contends that the Klesch holding was intended to apply where the plaintiff has already proven an injury, and merely seeks to recover pain and suffering damages which occurred as a result of that injury.
The Klesch court did not specify what type of injury the plaintiff premised her pain and suffering claim on or what type of proof she offered regarding the underlying injury. InTurner, the underlying injury occurred when the defendant's minor son struck the plaintiff with a baseball bat with nails protruding from it. The defendant stipulated liability for plaintiff's injuries, but argued that the plaintiff's failure to present medical testimony precluded him from recovering for pain and suffering. The court disagreed, holding that "[e]xpert testimony is not required in every case to determine the extent of a person's injuries or pain and suffering." Id. at 82. Similarly the Sixth Appellate District determined that a plaintiff's testimony was sufficient to prove her past pain and suffering where she proved by expert medical testimony that her underlying injury was caused by an automobile accident in which the defendant was at fault. Youseff v. Jones (1991), 77 Ohio App.3d 500,505. In a more recent case, a plaintiff who presented expert medical testimony that the defendant caused her miscarriage recovered for her pain and suffering as well, despite her failure to offer expert testimony on that issue.Rechenbach v. Haftkowycz (1995), 100 Ohio App.3d 484, 493.
Based on this line of cases, we hold that a plaintiff may recover for pain and suffering without offering medical testimony only after presenting all elements of a cause of action for an underlying injury. The causation element of the underlying injury may be established by stipulation, by proof of a cause which is so apparent as to be common knowledge, or by expert medical testimony. Requiring some proof of subjective injury discourages frivolous claims; removing the requirement would open the door to pain and suffering lawsuits by plaintiffs' with no evidence to support their claims.
In this case, the Mahaffeys failed to establish that Stenzel caused Barbara's injury. By merely propounding the appropriate questions, the Mahaffeys may have elicited medical testimony establishing proximate cause. However, we cannot alter the law merely to reach a result which may have occurred if the Mahaffeys had asked their experts different questions. Thus, we find that the Mahaffeys failed to present a prima facie case that Stenzel negligently caused Barbara's injuries or pain and suffering. Therefore, the trial court erred by denying Stenzel's motion for a directed verdict upon the Mahaffeys' claims related to Barbara's alleged injuries and pain and suffering.
Accordingly, we sustain Stenzel's assignment of error.
 IV.
In conclusion, we find that the trial court did not err by excluding part of Dr. Waylonis' testimony from evidence. We also find that the trial court erred by denying Stenzel's motion for a directed verdict, because the Mahaffeys did not present any medical evidence to prove that the accident caused her injuries.
Accordingly, we affirm in part and reverse in part the judgment of the trial court, and remand this case to the trial court to enter judgment in favor of Stenzel.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND CAUSEREMANDED.