[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Lori C. Hart, appeals from the trial court's order granting the motion of the plaintiff-appellee, Michael O'Brien, for a new trial, pursuant to Civ.R. 59(A)(7). Hart contends that the trial court abused its discretion in granting a new trial because the jury's verdict, which awarded O'Brien $1,719 in medical expenses but nothing for pain and suffering, was not contrary to law. We disagree.
At trial, Hart's own medical expert, an orthopaedic surgeon who examined O'Brien more than eight years after the collision, agreed with the diagnosis of cervical strain made in the emergency room and later confirmed by O'Brien's treating chiropractor. Hart's medical expert testified that muscle soreness is consistent with cervical strain, which typically requires a four-to-six-week period to heal.
Hart argues that the jury's failure to compensate O'Brien for pain and suffering, notwithstanding the medical evidence, was appropriate because it simply did not believe his testimony regarding the severity of his injury. In support of her argument, Hart relies on the admission of O'Brien's chiropractor that O'Brien missed fourteen out of thirty-eight scheduled appointments for treatment, as well as O'Brien's own self-contradictions and exaggerations when he testified about the permanency of his neck injury. Hart also points to the evidence, which O'Brien denied, that shortly after the collision he was lifting weights, playing basketball and softball, and cutting grass. To contest O'Brien's assertion that he could no longer play softball, the jury was played a May 10, 1992, videotape of O'Brien doing just that.
The trial court has broad discretion in deciding whether to order a new trial based on inadequate damages, and a reviewing court cannot reverse the decision absent an abuse of discretion. Iames v. Murphy (1995), 106 Ohio App.3d 627,666 N.E.2d 1147; Eastham v. Nationwide Mut. Ins. Co. (1990).66 Ohio App.3d 843, 848, 586 N.E.2d 1131, 1134.
O'Brien's appeal comes squarely within the ruling of this court in Boldt v. Kramer (May 14, 1999), Hamilton App. No. C-980235, unreported. In Boldt, we held that when a jury awards more than minimal medical expenses because of personal injuries incurred by the plaintiff, an award for pain and suffering must also be made, even if the award is nominal, because the only reasonable conclusion is that there must have been some degree of accompanying pain and suffering. Accordingly, the jury's finding here that O'Brien incurred more than minimal medical expenses for treatment of cervical strain, caused by the collision, required that it award him at least a nominal amount for pain and suffering. As we have already noted, even Hart's own medical expert conceded that cervical strain causes muscle soreness requiring weeks to heal.
Therefore, the trial court did not abuse its discretion, and its order granting a new trial is af-firmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on January 26, 2000 per order of the Court _______________________________.
Presiding Judge