Belfance, Judge,
concurring in part and dissenting in part.
{¶ 38} I concur in the majority of the opinion. However, I respectfully dissent from the majority’s resolution of Mrs. Satterfield’s first and second assignments of error.
{¶ 39} “Traditionally, an insured’s recovery has been limited to the amount due under the contract, plus interest.” Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276, 6 OBR 337, 452 N.E.2d 1315. Nonetheless, certain exceptions to this rule exist. Id. The Supreme Court of Ohio has held that “[b]ased upon the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of the claims of its insured. A breach of this duty will give rise to a cause of action in tort against the insurer.” Id. at paragraph one of the syllabus. “A bad faith claim, if proven, allows for recovery of extracontractual damages. These are damages over and above those covered by the insurance contract sustained by the insured as a consequence of the insurer’s bad faith.” LeForge v. Nationwide Mut. Fire Ins. Co. (1992), 82 Ohio App.3d 692, 700, 612 N.E.2d 1318.
*420 {¶ 40} However, not every denial of an insurance claim exposes an insurance company to liability in tort. Hoskins, 6 Ohio St.3d at 276-277, 6 OBR 337, 452 N.E.2d 1315. “An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor.” Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, paragraph one of the syllabus. Thus, to establish bad faith, the insured would have to prove more than the insurer breached the contract.
{¶ 41} In the instant matter, Mrs. Satterfield filed claims for both breach of contract and for bad faith. With respect to the bad-faith claim, the trial court in its initial judgment entry stated that it “finds by a preponderance of the evidence in favor of Mrs. Satterfield * * * on Mrs. Satterfield’s bad faith claim based on the denial of Mrs. Satterfield’s insurance claim.” The court awarded $150,000 in damages, plus interest, which she was entitled to receive as a result of the breach of the insurance contract. The trial court also awarded reasonable attorney fees, which it described as compensatory damages. The court did not award punitive damages. Thereafter, Mrs. Satterfield filed a motion for a new trial. Mrs. Satterfield asserted that the trial court could not award her attorney fees as compensatory damages; rather, she could only receive attorney fees if she were awarded punitive damages. She also argued that she was entitled to compensatory damages besides the proceeds of the insurance policy and that she was entitled to punitive damages. In ruling on the motion, the trial court, without explanation, vacated the award of attorney fees, apparently agreeing that Mrs. Satterfield could not recover attorney fees without the award of punitive damages. It appears from examining both entries that the trial court desired to award Mrs. Satterfield compensatory damages for her bad-faith claim, in the form of attorney fees; however, when it discovered it could not award attorney fees without first awarding punitive damages, it appears the trial court may have felt constrained to award only contract damages.
{¶ 42} However, because Mrs. Satterfield succeeded on her bad-faith claim, she was entitled to extracontractual damages, assuming she substantiated them. See LeForge, 82 Ohio App.3d at 700, 612 N.E.2d 1318. In the trial court’s finding of facts it concluded that “Mrs. Satterfield was distraught when she received the denial letter.” Thus, the trial court concluded that Mrs. Satterfield suffered some form of damage due to the insurance company’s bad faith. Courts have concluded that expert testimony is not necessary to establish bad faith damages “[w]hen it is a matter of common knowledge that a certain act may produce injury.” Id. at 700-701, citing Eastham v. Nationwide Mut. Ins. Co. (1990), 66 Ohio App.3d 843, 848, 586 N.E.2d 1131. Mrs. Satterfield proved that the insurance company acted in bad faith, something that is not an easy task. To *421 conclude without explanation that Mrs. Satterfield is not entitled to any damages for her bad-faith claim, particularly given the trial court’s factual findings, is against the manifest weight of the evidence. Further, I cannot determine from the trial court’s entry whether the trial court believed it was not legally permissible to award extracontractual damages outside of attorney fees. Accordingly, I would remand the matter to the trial court so that it can properly consider the issue.